KEEN, Respondent, v. ST. LOUIS, IRON MOUNTAIN & SOUTHERN RAILROAD COMPANY, Appellant.

St. Louis Court of Appeals, March 3, 1908.

1. PERSONAL INJURIES: Loss of Earnings: Pleading: Special Damages. In an action for damages on account of personal injuries, loss of earnings must be specially pleaded in order that plaintiff may recover on that account as an element of damage, but a petition is explicit enough in that respect if it notifies the defendant that the plaintiff will demand damages for loss of time. Where a petition alleged that the plaintiff in consequence of his injuries was "compelled to neglect his business," this averment was insufficient to let in evidence as to loss of earnings.

2. ———: Evidence: Exhibits: Discretion of Trial Court. In an action for injuries caused by assault upon the plaintiff, it was not reversible error to permit the plaintiff to exhibit to the jury the shirt with the blood spots on it, which he wore at the time of the assault; the admission of such evidence is discretionary with the trial court.

3. CARRIERS OF PASSENGERS: Assault: Agency: Duty of Carrier. It is the duty of a carrier to protect its passengers from assault by its agents so that a railroad company is liable for damage to a passenger assaulted by a brakeman employed as one of the train crew.

Appeal from Stoddard Circuit Court.—*Hon. James L. Fort*, Judge.

AFFIRMED *si.*

*James F. Green* and *Ernest A. Green* for appellant.

(1) The court erred in admitting testimony as to the loss of salary suffered by plaintiff, for the reason that there is no averment in the petition as to any

loss of earnings. Paquin v. Railroad, 90 Mo. App. 118; Slaughter v. Railroad, 116 Mo. 269; Mellor v. Railroad, 105 Mo. 455; Coontz v. Railroad, 115 Mo. 669. (2) The court also erred in permitting the admission in evidence, and the exhibition to the jury, of the shirt which the plaintiff wore at the time of the injury. Rost v. Railroad, 10 N. Y. App. 477; Railroad v. Botsford, 141 U. S. 250; Cole v. Fall Brook, etc., Co., 169 N. Y. 69; Mills v. Railroad, 1 Marvel (Del.) 269; Commonwealth v. Pope, 103 Mass. 440; State v. McAfee, 148 Mo. 379; Golden Reward Co. v. Buxton & Co., 97 Fed. 413. (3) Defendant's instruction numbered 6 should have been given. It is not enough that an act is committed by a servant while in the employ of the master, the act must pertain to the particular duty of the servant. Cousins v. Railroad, 66 Mo. 572; Ephland v. Railroad, 71 Mo. App. 597; Farber v. Railroad, 116 Mo. 92; Eads v. Railroad, 43 Mo. App. 536; O'Brien v. Transit Co., 185 Mo. 263; Jopes v. Railroad, 142 U. S. 18; Peavy v. Railroad, 81 Ga. 485; Harrison v. Fink, 42 Fed. 687; Mitchell v. Railroad, 102 S. W. 77.

*H. H. Larimore* and *J. L. Downing* for respondent.

(1) The averment in the petition authorized the admission by the court of evidence of loss of salary respondent sustained by reason of the injuries sustained. Lessor v. Railroad, 85 Mo. App. 326; Britton v. St. Louis, 120 Mo. 437; Smith v. Railroad, 119 Mo. 246; Wilber v. Railroad, 110 Mo. App. 689; Gurley v. Railroad, 122 Mo. 151; Gerdes v. Iron, etc., Co., 124 Mo. 360. (2) No error was committed in introducing in evidence clothing worn by respondent at the time of the assault. State v. Buchler, 103 Mo. 203; State v. Wienens, 60 Mo. 29. It is a matter within the discretion of the trial court and the following cases declare the rule allowing clothing worn at the time of receiving the injuries to be exhibited to the jury. Iron Works v. Weber, 129 Ill.

535; Express Co. v. Spillman, 90 Ill. 455; MacKay v. Lasher, 121 N. Y. 477; Hatfield v. Railroad, 33 Minn. 130; Am. and Eng. Ency. of Law (2 Ed.), p. 537. (3) To have given the instruction numbered 6, asked by appellant, would have been to declare a new rule in this commonwealth, further there was no evidence on which to base it. On the point in question the following cases declare the law in this State. O'Brien v. Transit Co., 185 Mo. 263; Farber v. Railroad, 116 Mo. 91; Grayson v. Transit Co., 100 Mo. App. 71; Tanger v. Railroad, 85 Mo. App. 28; Eads v. Railroad, 43 Mo. App. 536.

GOODE, J.—According to the testimony for this plaintiff he was assaulted by a brakeman on one of defendant's trains on which plaintiff was a passenger, beaten and bruised and thrown from the train. The incident occurred at Sikeston, July 25, 1905. Plaintiff, who is a commercial traveler, purchased a ticket at Sikeston for a ride to Charleston. The train on which he expected to travel and which carried passengers, was a mixed train, part freight and part passenger. The rear car was a passenger coach, or rather a coach which carried expressed goods in one division and passengers in the other. Plaintiff was delayed in purchasing his ticket in consequence of the station agent handing him an ordinary ticket, whereas he should have received what is called a credential ticket. By the time he procured the right one the passenger coach was not near the depot, and as the train would not stop again at the depot before leaving the station, plaintiff was directed by the conductor to get into a box car and remain there until the first stop of the train when he could enter the passenger coach. The conductor assisted plaintiff to mount into a box car, where he seated himself until the train started, or was ready to start. Another passenger was in the box car. One of the train crew, a brakeman, observed plaintiff in the car and told him

it was no place for him to be. Plaintiff explained why he was there, saying he had a ticket and was not trying to evade paying his fare. But the brakeman flew into a passion and made an exclamation which indicated he mistook plaintiff for a man named McGee, against whom he cherished a grudge. Plaintiff stated his true name; whereupon the brakeman, as plaintiff arose from his sitting posture on the floor of the car, struck him in the face several times, beating him into insensibility and throwing him off the car. Plaintiff recovered consciousness, went to a house in the vicinity, washed his face and made his way to the hotel in Sikeston where he was laid up for awhile, received medical attention and finally recovered sufficiently to resume work. The brakeman who struck plaintiff threw a very different light on the affray by his testimony, the general effect of which was that plaintiff was intoxicated and the purpose of the brakeman was to get him out of the car and into the passenger coach to prevent an accident to him. Plaintiff was very abusive in his language and finally struck the brakeman in the face, thus inducing retaliation. Suffice to say the rival versions of the occurrence were both corroborated in some measure by independent testimony. A verdict was returned in plaintiff's favor for $1,000 and this appeal was prosecuted.

It is assigned for error that the court received evidence concerning the loss of earnings suffered by plaintiff in consequence of the assault, though there was no averment in the petition to which such evidence was relevant. Plaintiff testified he was laid off from work two weeks and on account of this fact fifty dollars was deducted by his employer from his salary. The petition avers that in consequence of the assault and inhuman treatment received by plaintiff he was seriously injured physically, the particulars of his physical injuries being related, and was confined to his bed for a long interval under the care of a physician "and compelled to neglect

his business as a commercial traveler." There is a good deal of inconsistency in the decisions regarding what averments in a petition suffice to let in proof of loss of time or earnings, and the difference between those supposed to be adequate for this purpose and those held to be inadequate, is so slight that the distinctions drawn come near to being quibbles. In the latest case we find on the subject, it was averred that in consequence of the injuries received by the suing plaintiff, he had been "unable to follow his business or perform any kind of labor." This averment was held to be specific enough to let in proof of loss of earnings. [Gurley v. Railroad, 122 Mo. 141, 151, 26 S. W. 953.] In Smith v. Railroad, 119 Mo. 246, 23 S. W. 784, the allegation was that the plaintiff had been deprived of her means of support; and this was held to afford the right to give evidence of loss of earnings in the party's usual course of business. A petition is explicit enough in this respect if it notifies the defendant the plaintiff will demand damages for loss of time or earnings. Such damages are regarded as special, or not flowing proximately and naturally from an injury. It is supposed a defendant will know without being warned, that general damages will be demanded. But attention must be called to special damages by a specific averment. If this is not done, it is deemed the party sued would be left in ignorance of the defendant's claim to be reimbursed the loss thus occasioned and would not prepare to contest the claim. The averment that plaintiff was compelled to neglect his business of commercial traveler is not equivalent to an averment of loss of time or earnings. It would not follow necessarily that his employer would make any deductions from his wages on account of this enforced neglect or require him to hire a substitute. The allegations should have been more unequivocal.

Error is assigned on a ruling of the court permit-

129 App—20

ting the shirt plaintiff had on at the time of the assault to be exhibited with the blood spots on it to the jury. It is contended the exhibition of the shirt inflamed the minds of the jurors against defendant and aroused their sympathies in favor of plaintiff. We cannot reverse the judgment on account of the reception of this evidence; for on the most favorable view for defendant its admission was discretionary with the trial court. We have been referred to no decision which holds such evidence to be incompetent. The condition of the garment had a tendency to corroborate plaintiff's testimony regarding the violence of the assault and the profuse hemorrhage and injury which followed it. [State v. Wiener, 66 Mo. 13, 29; State v. Buchler, 103 Mo. 203, 15 S. W. 331; Tudor Iron Works v. Webber, 129 Ill. 535; Hatfield v. Railroad, 33 Minn. 130.]

Defendant requested the court to instruct the jury that if the brakeman made an unprovoked assault on plaintiff and struck and beat the latter without cause, such assault was not in the line of duty of the brakeman and the company was not liable for the injury inflicted. This instruction was refused and rightly. There is no authority for it in this State. The law is directly to the contrary. The evidence of both plaintiff and the brakeman who committed the assault, shows the affray arose in connection with the brakeman's duty to look after the train and the safety of the passengers on it. If the version of plaintiff be accepted, when he was first accosted by the brakeman the latter wanted to know what plaintiff was doing in the car and said he had no business in there; at the same time remarking it was a dangerous place to ride. The brakeman's version was that he was endeavoring to get plaintiff into the passenger coach where he might be secure. On any view of the case the assault occurred while the brakeman was acting in the line of his employment. But this is not the essential fact. Defendant's liability arises not out

of the relationship of master and servant existing between the company and the brakeman, but on that of carrier and passenger existing between the company and plaintiff. It was the duty of the railway company to protect plaintiff as its passenger from an assault by the train men. [O'Brien v. Transit Co., 185 Mo. 263, 84 S. W. 939; Farber v. Railroad, 116 Mo. 81, 91, 22 S. W. 631; Grayson v. Transit Co., 100 Mo. App. 60, 71, 71 S. W. 730.] This point is too devoid of merit to be discussed.

If plaintiff will remit from the judgment the sum of fifty dollars he swore he paid for a substitute in his place while he was disabled, the judgment will be affirmed for the balance. Otherwise it will be reversed and the cause remanded for a rehearing. The remittitur must be entered to save a reversal, in ten days from the date of the handing down of this opinion. All concur.