CHARLES SCHOLL, Administrator of CHARLES HOEFLE, Deceased, Respondent, v. WILLIAM GRAYSON, JR., Appellant.

St. Louis Court of Appeals, April 5, 1910.

1. **NEGLIGENCE: Personal Injuries: Damages: Duty of Person Injured to Obviate Bad Results: Selection of Physician.** The duty of a party injured by the tort of another to use reasonable care to obviate as far as possible the results from the injury extends no further, in the matter of selecting a physician to treat the injury, than to select one of good repute, and for lack of care and skill shown by such a physician in his treatment, the patient is not answerable, nor is the circumstance admissible to mitigate the damages for which the tortfeasor is liable.

2. ——: ——: ——: ——: ——: **Petition in Other Action: Evidence.** In an action for personal injuries, a petition filed by the injured party against his physician and offered in evidence as an admission was properly excluded as tending to establish no fact favorable to defendant.

Scholl v. Grayson.

3. ————: ————: **Pleading: Hospital Bills: Evidence Received Without Objection.** In an action for personal injuries, while it would be better to enumerate, among the claims for damages, a hospital bill, if the amount of one is expected to be recovered, it is not error to let the jury include the item in their award, if evidence of payment of such a bill is received without objection.

4. **APPELLATE PRACTICE: Harmless Error.** Any error in allowing a physician to state the amount of his bill was harmless, where a greater sum had been remitted by plaintiff from the verdict recovered.

5. **DAMAGES: Pleading: Loss of Time and Loss of Earnings.** An averment of "loss of time," in a petition for negligent injuries, is the same in legal effect as an averment of "loss of earnings."

6. ————: ————: ————: **Permanent Injuries.** An allegation of "permanent injuries" is not equivalent to alleging loss of time or of earnings.

7. ————: ————: ————: **Future Earnings.** "Future loss of earnings" signifies diminution of earning capacity in the future and may be shown without a special averment.

8. ————: ————: ————: ————: **Absence of Averment Non-Prejudicial: Appellate Practice.** In an action for personal injuries, where evidence was received without objection, tending to prove the injured person was, and where it was plain he was, so disabled that diminution of earnings in the future was certain, defendant was not prejudiced by lack of a specific averment of loss of future earnings, and an assignment of error based on allowing a recovery therefor in the absence of such an averment will be overruled, under section 865, Revised Statutes 1899.

9. ————: **Evidence of Obligation Incurred Under Allegation of Obligation Paid: Failure to Object.** Where evidence of the incurring of bills is offered under a petition which avers payment of them, the evidence is incompetent against an objection; but, if received without objection, it may be referred to the jury.

10. **NEGLIGENCE: Automobiles: Evidence: Speed Expert, Competency of.** A person who had had considerable experience observing the speed of automobiles, had attended races, ridden every day, read speedometers, had been employed by a rubber company in its repair department for years, which company left to his judgment all matters based on speed, was competent to testify as to the distance in which an automobile could have been stopped; he being an eyewitness to the accident.

11. ———: ———: Personal Injuries: Evidence: Distance in which Automobile can be Stopped: Relevancy. In an action for injuries from being struck by an automobile, where contributory negligence of the injured party was charged, in passing hurriedly from the sidewalk into the street near the automobile and so near that it was impossible to stop it in time to avoid the accident, and evidence in support of this defense was offered, it was proper to permit plaintiff to prove the possibility of stopping the machine after the dangerous position of the injured person should have been seen; not as a basis of recovery, inasmuch as that theory was not counted on in the petition, but to overcome the defense.

Appeal from St. Louis City Circuit Court.—*Hon. Eugene McQuillin*, Judge.

AFFIRMED.

*Watts, Williams & Dines* and *William R. Gentry* for appellant.

(1) The court erred in admitting improper evidence offered by the plaintiff over the defendant's objection. Coont v. Railroad, 115 Mo. 669; Edwards v. Railroad, 79 Mo. App. 257; Mellor v. Railroad, 105 Mo. 455; Prior v. Railroad, 85 Mo. App. 367. (a) The court erred in permitting the witness Heffernan to testify as to the distance within which the defendant's automobile could have been stopped on the occasion in question, because the testimony of this witness showed that he did not have sufficient familiarity with the machine and with the facts, nor had he any practical experience or skill to be competent to testify as an expert and give testimony that was of any value. Igo v. Railroad, 38 Mo. App. 377; Gourley v. Railroad, 35 Mo. App. 87; Railroad v. Railroad, 3 Allen 142; Grinnell v. Railroad, 73 Ia. 93; Mammerberg v. Railroad, 62 Mo. App. 563; Lynch v. Railroad, 208 Mo. 1. (b) The court erred in admitting the testimony of Swingley, on cross-examination by plaintiff's counsel, as to the distance within which the automobile could have been stopped on the occasion in question.

The evidence on this subject will be found on pages 28 and 29 of appellant's abstract of record. This evidence was objectionable and should have been excluded on the ground that it injected into the case an element of negligence not stated in the petition. Trigg v. Lumber Co., 187 Mo. 227; McMenamee v. Railroad, 135 Mo. 450; Gurley v. Railroad, 93 Mo. 450; Beave v. St. Louis Transit Co., 111 S. W. 52. (c) The court erred in permitting the witness Dr. Raithel, called by the plaintiff, to testify as to the amount of his bill which he had against the plaintiff. The doctor was asked how much his bill was. The question to the physician should have been "what is the reasonable value of the services which you rendered the plaintiff?" Fleming v. Railroad, 89 Mo. App. 129; Gumb v. Railroad, 114 N. Y. 411; Golder v. Lund, 50 Neb. 867; Hewitt v. Eisenhart, 36 Neb. 794; Friend v. Ingersoll, 39 Neb. 717; Railroad v. Campbell, 76 Tex. 174; 4 Sutherland on Damages (3 Ed.), p. 3639. (2) The court erred in excluding proper evidence offered by the defendant. Defendant offered in evidence a petition filed by the plaintiff in a suit in which he had sued Dr. William F. Kier for damages for malpractice, and in that petition he charged that the negligence of Dr. Kier caused him to suffer many of the very same things which he is complaining in this case he was caused to suffer by the negligence of this defendant. The petition was, therefore, admissible as an admission by the plaintiff against his own interest in this, to-wit: that while he now avers the damages he suffers are the result of the negligence of defendant Grayson, in another case, in the petition filed therein, which was offered in evidence, he admitted that these same damages resulted to him, not from the negligence of this defendant, but from the negligence of Dr. Kier, who treated his injuries. (3) The court erred in giving improper instructions at the request of the plaintiff. Instruction No. 7, given by the court at the request of the plaintiff, is clearly

erroneous. The vice of this instruction is that it permits the plaintiff to recover for an element of damages not pleaded in the petition. (4) Strictly construed, the petition does not charge any loss of earnings whether past, present or future. Plaintiff really was not entitled, under the allegations of the petition, to any compensation whatever for loss of earnings. Merely alleging inability to follow his usual vocation or other ordinary labor is not equivalent to alleging loss of earnings. Mellor v. Railroad, 105 Mo. 455; Slaughter v. Railroad, 116 Mo. 269; Mellor v. Railroad, 105 Mo. 455; Coontz v. Railroad, 115 Mo. 669; Pinney v. Berry, 61 Mo. 366; Railroad v. Flood, 70 S. W. Rep. 331; Gibler v. Railroad, 203 Mo. 208; Minster v. Railroad, 53 Mo. App. 276; Morris v. Railroad, 144 Mo. 500; Moellman v. Lumber Co., 134 Mo. App. 485; Madison v. Railroad, 60 Mo. App. 599; Norton v. Railroad, 40 Mo. App. 642; Nelson v. Railroad, 113 Mo. App. 659; Duke v. Railroad, 99 Mo. 349; Smith v. Railroad, 108 Mo. 243; Robertson v. Railroad, 152 Mo. 382; Waldopfel v. Transit Co., 102 Mo. App. 529; Rhodes v. Nevada, 47 Mo. App. 499; Pentenoy v. Transit Co., 108 Mo. App. 681; Edwards v. Railroad, 79 Mo. App. 257. (a) The instruction on the measure of damages was further erroneous because it is at variance with the allegations of the petition relating to the same subject. The charge in the petition is not that the plaintiff has been compelled to incur large sums of money for medical and surgical attention, etc., but it is that he has been compelled to expend large sums of money for those items. Muth v. Railroad, 87 Mo. App. 422; Railroad v. Reasor, 68 S. W. (Tex.) 332.

*R. F. Walker* and *Edward A. Raithel* for respondent.

(1) The first instruction given by the court correctly states the law. Groom v. Kavanagh, 97 Mo. App. 370; Scott v. Winineshiek Co., 3 N. W. 626, 52 Ia. 626;

Petersborough v. Lancaster, 14 N. H. 382. Defendant cannot be injured by testimony relative to an element of damages, for which the courts hold defendant liable. Eberly v. Railroad, 96 Mo. App. 370; Curtis v. McNair, 173 Mo. 290; Stotler v. Railroad, 200 Mo. 107; Murray v. Railroad, 101 Mo. 236; Mirrielees v. Railroad, 163 Mo. 470; Abbitt v. Transit Co., 104 Mo. App. 534. Facts necessarily implied from those alleged need not be pleaded. Bliss on Code Pleading (2 Ed.), sec. 176; Brown v. Railroad, 99 Mo. 318; 1 McQuillin's Pl. and Pr., sec. 305, p. 293. (a) The ruling of the court in permitting the witness Heffernan to testify as to the "space within which a machine of this character can be stopped" was correct. Defendant's theory is that one must be familiar through practical experience obtained by actual contact with the particular machine in controversy, before being qualified to give an opinion on the matter. This, however, is not the law. Cobb v. Railroad, 149 Mo. 609. Persons familiar with the subject are competent to testify as to the distance within which a train of cars may be stopped; and this knowledge may be obtained by practice or observation. Eckert v. Railroad, 13 Mo. App. 352; Haworth v. Railroad, 94 Mo. App. 215; Fisher v. Packing Co., 77 Mo. App. 108; Turner v. Haar, 114 Mo. 335; Goines v. Railroad, 47 Mo. App. 173; Helfenstein v. Medart, 136 Mo. 595. The decision of the court with reference to expert testimony, is conclusive, unless it appears from the evidence to have been erroneous or founded on an error of law. Benjamin v. Railroad, 50 Mo. App. 602; Bradford v. Railroad, 64 Mo. App. 475; Hartman v. Muehlebach, 64 Mo. App. 565. Even though Heffernan was not an expert, it has been repeatedly held by the courts in this State that the velocity of a car in motion or a train in motion, propelled by electric or steam power, does not have to be established by the testimony of experts; any one accustomed to riding on cars and

147 App—42

seeing them run is a competent witness as to their speed. Walsh v. Railroad, 102 Mo. 582; Covell v. Railroad, 82 Mo. App. 180; Lehigh, etc., Co. v. Raine, 112 Fed. 485; Detroit, etc., v. Van Steinburg, 17 Mich. 99; Guggenheim v. Railroad, 66 Mich. 150; Thomas v. Railroad, 86 Mich. 496; Railroad v. Jones, 108 Ind. 551; Aston v. Transit Co., 105 Mo. App. 230; Stotler v. Railroad, 200 Mo. 123. (b) The petition alleges that the automobile was "negligently and carelessly operated by defendant at a high and dangerous rate of speed, etc.," and therefore the purpose of all the testimony elicited by plaintiff's counsel as to the distance within which the automobile could have been stopped was to strengthen the showing of the rate of speed at which it was traveling. This applies as well to the defendant's witness Swingley as to witness Heffernan. (c) There was no error on the part of the trial court in permitting the witness, Dr. Raithel, to testify as to the amount of his bill for services rendered to the plaintiff. Even though the testimony of this witness be excluded, there is still ample evidence on this point in the testimony of Dr. Schlueter to definitely fix the amount of medical services. The instruction No. 7, therefore, given at the request of the plaintiff "for any expenses necessarily incurred for medical or surgical attention to the reasonable value thereof. . . ." properly places this question before the jury and it could not have been misled by the testimony of this witness. Mirrielees v. Railroad, 163 Mo. 492; Smith v. Railroad, 108 Mo. 251; Robertson v. Railroad, 152 Mo. 393; Stevenson v. Wallpole, 76 Mo. App. 1. c. 224; Fleming v. Railroad, 89 Mo. App. 139. As to the other ground of exception in sub-section D of appellant's brief, the evidence of this item is amply sustained by the proof of plaintiff and the two doctors, who testified without objection by the defense. Stotler v. Railroad, 200 Mo. 140. The direct consequence of a wrongful act either expected

or unexpected, following as a natural result of the wrongful act has always been the subject of compensation and need not be specially pleaded. Trust Co. v. Murmann, 90 Mo. App. 555; Golden v. Clinton, 54 Mo. App. 118; Bliss on Code Pleading, sec. 297; Chitty on Code Pleading (14 Am. Ed.), pp. 395-6. Plaintiff is entitled to recover for obligations incurred for medical treatment as well as for sums expended therefor. Curtis v. McNair, 173 Mo. 291; Mirrielees v. Railroad, 163 Mo. 470; Schmitz v. Railroad, 119 Mo. 277; Rosenkranz v. Railroad, 108 Mo. 9; Stotler v. Railroad, 200 Mo. 107. (2) A person injured by the negligence of another, is bound to use ordinary care for his restoration and cure; but is not responsible for the mistake of an attending physician. If he acts in good faith under his direction, any mistake of the physician in treating him will not absolve the party whose negligence caused the injury, from liability in damages therefor. Elliott v. Kansas City, 174 Mo. 554. (3) The petition alleges among other things, "that the injury is permanent; and that plaintiff was and is prevented from pursuing his regular vocation as collector and chief wagon driver or any other labor or calling." This, we respectfully submit, is broad enough to permit the giving of the instruction above referred to. Hansberger v. Railroad, 82 Mo. App. 578; Bigelow v. Railroad, 48 Mo. App. 373; Bartley v. Trorlicht, 49 Mo. App. 218; Mabrey v. Railroad, 92 Mo. App. 596; Welsh v. McAllister, 15 Mo. App. 492; Lewis v. Independence, 54 Mo. App. 183; Schmitz v. Railroad, 119 Mo. 256 and authorities; Holden v. Railroad, 108 Mo. App. 672; Wilbur v. Railroad, 110 Mo. App. 689; Britton v. City of St. Louis, 120 Mo. 437; Curtis v. McNair, 173 Mo. 290; Gorham v. Railroad, 113 Mo. 421; Rosenkranz v. Railroad, 108 Mo. 9; Stokes v. Ralpho T'p, 40 Atl. 958, 962, 187 Pa. 333; Beach v. Railroad, 26 S. E. 703, 120 N. C. 498. Damages on further incapacity to earn livelihood may be allowed though the

petition contained no specific averment as to plaintiff's ability to earn a livelihood, nor as to what extent it would be impaired in the future. Schmitz v. Railroad, 119 Mo. 277; Abbitt v. Transit Co., 104 Mo. App. 534. There being no objection by defendant to the admission of evidence showing the permanent nature of plaintiff's injury and that he has incurred expenses for medical, etc., treatment, the objection that the pleading does not warrant an instruction on this point comes too late. Britton v. St. Louis, 120 Mo. 437; Golden v. Clinton, 54 Mo. App. 118; Abbitt v. Transit Co., 104 Mo. App. 534.

GOODE, J.—Charles Hoefle, now deceased, was run over by an automobile belonging to defendant and operated by him on October 25, 1907. Three other men were in the machine with defendant, who was driving. The accident happened about 6:30 o'clock p. m., when deceased, who worked at the Colonial Laundry, 4020 Olive street, in St. Louis, had started for home, walking along the south side of Olive to Westminster Way, where he stood for a few minutes waiting for a car. Two other men were waiting there and as a car came along from the west, bound east, the three stepped out into the street to get aboard. Just then one of the men who was standing immediately east of the deceased, happened to look northeast and saw defendant's automobile, which had been following a car on the westbound or north street railway track from down town, veer so quickly toward the southwest and around to the south side of the car the men were waiting for, that two of them barely had time to jump out of the way, and deceased was caught, thrown down and dragged under the automobile from fifteen to forty feet, breaking his right arm and otherwise hurting him. The assignment of negligence was running the machine at a high and unlawful speed, and it was supported by evidence for the jury, as defendant's counsel concedes. Deceased was first treated for his arm by a physician

whom he afterwards discharged and sued for unskill-
ful and careless treatment. The petition in that case
was offered by defendant as an admission against the
interest of plaintiff and being excluded by the court,
an exception was taken to the ruling. Subsequently
deceased employed other physicians who performed
three operations on his arm; for the ends of the
humerus bone which had been fractured in the accident
had overlapped and never united. Portions of the ends
of the bone were taken off in order to obtain a better
healing surface, but notwithstanding the three opera-
tions, and the fastening of the parts of the bone to-
gether with silver wire, the ends never knitted perfectly
to the time of the death of Hoefle, which occurred after
the trial of the present action. A verdict was given for
him for five thousand dollars and after a motion for a
new trial had been overruled, he remitted five hundred
dollars of the amount. The errors assigned on the ap-
peal, besides the one mentioned, are, first, permit-
ting deceased to testify what amount of money, if
any, he had expended for medicines, surgical atten-
tion and hospital bills. The reason assigned for this
objection was, the petition did not say anything about
a hospital bill. Deceased answered he had spent
about one hundred dollars for hospital services and
three hundred dollars for medicines; but did not yet
know what the bills of his physicians would be
as he was still under their care. The next error as-
signed was permitting Dr. Raithel, one of the physi-
cians who operated on deceased, to state the amount of
his bill. The witness said deceased was being treated
at the time and he could not tell exactly what the bill
would be, but it would be between $250 and $300. It
is also assigned for error that the court wrongly in-
structed the jury on the measure of damages by em-
powering them to award damages for loss of earnings
which they believed deceased had sustained or would
thereafter sustain from his injuries, though the petition

contained no allegation regarding future loss of earnings. Further, that the instruction on the measure of damages was erroneous because it permitted the jury to award as damages expenses necessarily incurred for medical and surgical attention to deceased in consequence of his injuries and directly caused thereby, on an allegation, not that deceased had been compelled to incur the expense, but that he had been compelled to expend large sums of money; namely, had paid out money for expenses. Exceptions were taken also to permitting a witness to state his opinion of the distance in which defendant's machine could have been stopped, for the reason said witness was not qualified to testify as an expert, and to the testimony of this and another witness to the same point, as introducing an element of carelessness not alleged in the petition. We copy the part of the petition wherein the injuries of Hoefle are described:

"Said automobile negligently, carelessly and abruptly crossed to the south side of said Olive street and ran against plaintiff with great force and violence and threw him to the ground and dragged him for a long distance, and broke the bone of his right arm between the elbow and the shoulder and bruised and injured plaintiff about the back, shoulders, arms and hips, thereby permanently injuring him, and greatly shocked and permanently injured plaintiff's nervous system and caused him great pain of body and mind, and consequent expense and loss of time.

"Plaintiff states that by reason of said injuries so inflicted by the carelessness and negligence of defendant, he has suffered and will suffer greatly in mind and body and was and is prevented from pursuing his regular vocation as collector and chief wagon driver or any other ordinary labor or calling and that plaintiff had been compelled to expend large sums of money for medical and surgical attention, medicines and nursing, and is still under the care of a physician and surgeon

by reason of said injuries and will be compelled to expend large sums of money for medicines and medical services in the future."

The offer of the petition in the action filed by deceased against his first physician for wrong treatment was not accompanied by an offer to prove the physician was not of good reputation or deceased fell short of due care in consulting him. The duty of a party injured by the tort of another to use reasonable care to obviate, as far as possible, bad results from the injury and thereby diminish the damages, extends no further in the matter of selecting a physician to treat the injury, than to select one of good repute. For lack of care and skill shown by such a physician in his treatment, the patient is not answerable, nor is the circumstance admissible to mitigate the damages for which the tortfeasor is liable. [Elliott v. Kansas City, 174 Mo. 554, 74 S. W. 617, and cases cited.] The petition filed by deceased against his physician was properly excluded because it tended to establish no fact favorable to defendant.

Error is assigned for receiving evidence of the sum paid by deceased for hospital expenses. We think the assignment not well taken, despite the strict rule which prevails in this State about not receiving evidence of, nor authorizing the jury to allow for, items of special damages not averred. The petition alleges deceased had been caused expense and compelled to expend money for medical and surgical attention, medicines and nursing. It would be better to enumerate, among the claims for damages, a hospital bill, if the amount of one is expected to be recovered; but as evidence of payment of such a bill was received in this case without objection, we hold the court did not err in letting the jury include the item in their award. [Mellor v. Railroad, 105 Mo. 455, 16 S. W. 849.]

As regards the error assigned for permitting Dr. Raithel to state the amount of his bill, we remark the question was badly framed, for he should have been asked to state the reasonable value of his services. However, in view of the amount remitted from the verdict, this does not constitute reversible error, if it would in any event.

Much is said against the direction to the jury to award damages for future loss of earnings, as being beyond the scope of the petition. Defendant's counsel insist there was nothing in the petition about loss of earnings; but this is a mistake, for loss of time is averred, which is the same, in legal effect, as averring loss of earnings. [Slaughter v. Railroad, 116 Mo. 269, 23 S. W. 760.] It is earnestly insisted the petition, if it charged loss of earnings or of time, referred only to the time anterior to and contemporaneous with the trial. The averments of the petition are, plaintiff was "caused . . . expense and loss of time; . . . was and is prevented from pursuing his regular vocation as collector and chief wagon driver, or any other ordinary labor or calling." Those averments do not relate to future earnings, and only inferentially can the peti- tion be said to suggest future loss of time; that is, by alleging permanent injuries, and such an allegation has been held not to be equivalent to alleging loss of time or of earnings. [Coontz v. Railroad, 115 Mo. 669, 22 S. W. 572; Gerdes v. Christopher & Simpson, etc., Co., 124 Mo. 347, 27 S. W. 615.] But it has been held, too, fu- ture loss of earnings signifies diminution of earning ca- pacity in the future and may be shown without a special averment. [Bartley v. Trorlicht, 49 Mo. App. 214, 218.] In the opinion in the cited case this court said the decisions requiring a special averment in order to recover loss of earnings, had been given in cases where the loss sought to be re- covered was of past earnings, and it never had been the practice in actions for personal injuries to aver

specially damages would accrue from loss in the future
of earning capacity. Considering all the facts of the
present case, we are not inclined to reopen the question
thus adjudged in a prior decision. Evidence was re-
ceived, and without objection, as follows: The deceased
had supported himself and family by his earnings as
driver and collector for a laundry company; after his
injury and to the time of the trial, fifteen months later,
he had been unable to do anything, was then unable to
do anything; had been in the hospital much of the time,
had had three or four operations on his arm and the
fractured bones never had united; the arm was shorter
by some three inches than his other arm; he had un-
dergone great suffering from it and, moreover, from
hurts in the back and other parts of the body and had
been knocked unconscious at the time of the accident.
The physicians who attended him testified the prospect
of recovery was gloomy and the arm never would be as
good as before, which was nearly a self-evident fact.
Plainly deceased was so disabled that diminution of
earnings in the future was certain, and we cannot see
how defendant was prejudiced by lack of a specific
averment on the subject. Our minds are clear that he
was not, and this being true, it is our duty to overrule
the assignment of error. [R. S. 1899, sec. 865.]

A further point is made against the verdict be-
cause the jury were authorized to consider the expense
bills incurred by the deceased for treatment, whereas
the petition averred bills had been paid. Decisions on
this point go no further than to hold if evidence of the
incurring of bills is offered under a petition which
avers payment of them, the evidence is incompetent
against an objection. [Spengler v. Transit Co., 108 Mo.
App. 329, 83 S. W. 312.] In the cited case this court
held if such evidence is received without objection, it
may be referred to the jury; and this is in accord with
the ruling in Mellor v. Railroad, supra.

One of the eyewitnesses of the accident was permitted to state, against an objection, the distance in which the automobile could have been stopped, and the same testimony was drawn from a witness for defendant on cross-examination, defendant objecting to the question. The first witness was said not to be qualified to testify as an expert. He was an eyewitness of the accident and testified his opinion about the distance in which a machine like defendant's and going at the speed it was on the occasion in question, could be stopped. We overrule the assignment, as the witness said he had had considerable experience in observing the speed of machines, had attended races, ridden in automobiles every day and read their speedometers, had been with the Diamond Rubber Company in its repair department for years and said company left to his judgment all matters based on speed. We think reason has not been shown for a reversal on this ground, as the trial court had some degree of discretion in the matter. The case of Sears v. Railroad, 6 Wash. 277, is exactly in point, though the witness therein was not so well qualified as the one who testified in this case. See, too, Bradford v. Railroad, 64 Mo. App. 475; Stotler v. Railroad, 200 Mo. 107, 98 S. W. 509. The objections to said testimony were directed likewise against its relevancy to the issues, as the petition did not assign for a cause of action, negligent failure to stop the car. In its answer defendant charged contributory negligence, saying deceased passed hurriedly from the sidewalk into the street near the automobile and so near it was impossible to stop in time to avoid injuring deceased. Defendant put in evidence to prove those allegations, and to meet the defense thus attempted, it was proper to permit plaintiff to prove the possibility of stopping the machine after the dangerous position of deceased should have been seen; not as a basis of recovery, but to overcome the defense. The court allowed a verdict against defendant only on the

ground of excessive speed and not for failure to use ordinary care to stop the machine after the danger of an accident was visible.

The judgment is affirmed.  All concur.