**KENNEDY v. VAN HORN.**

No. 9946—Opinion Filed Oct. 28. 1919.

Rehearing Denied Jan. 27, 1920.

(Syllabus by the Court.)

1. **Damages—Pleading.**

Special damages, that is damages which do not necessarily result from the injury complained of, must be specially pleaded, except where they are conclusively presumed from the facts stated.

2. **Same—Special Damages—Personal Injuries—Impaired Earning Capacity.**

Impaired earning capacity resulting from personal injury is special damages, and to be recoverable must be especially claimed in the petition.

3. **Same — Allegation of Damages — Sufficiency.**

An allegation of permanent injury is not

equivalent to an allegation of impaired earning capacity.

Error from Superior Court, Tulsa County; M. A. Breckinridge, Judge.

Action by Van Horn against Kennedy for damages for personal injury. Judgment for Van Horn and Kennedy appeals. Reversed and remanded for new trial.

Edward P. Marshall, for plaintiff in error.

G. C. Spillers, for defendant in error.

OWEN, C. J. The question necessary for determination is whether the trial court erred in admitting testimony as to Van Horn's impaired earning capacity, under a general allegation that he had sustained permanent injuries. The petition contains no allegations as to his earning capacity or to what extent it had been impaired. There was an allegation of loss of time, for which $25.00 was claimed. The evidence, admitted over defendant's objection, was to the effect that plaintiff's earning capacity had been diminished about 25 per cent.; and the court instructed the jury in estimating plaintiff's damages they should take into consideration the effect of the injuries upon his earning capacity. This instruction was excepted to by defendant.

The rule appears to be well settled that special damages must be pleaded, and it is error to admit proof of such damages in the absence of such allegation. 8 R. C. L. p. 612; 17 C. J., p. 1002; Boyden v. Burke, 14 How. 576, 14 L. Ed. 548; Gumb v. R. Co., 114 N. Y. (69 Sickles), 411; Tomlinson v. Town of Derby, 43 Conn. 562.

It is equally well settled that diminished earning capacity from a personal injury is special damages, and to be recoverable must be specially claimed in the petition. Armstrong v. S. I. R. Co. (Wash.) 172 Pac. 578; Birmingham R. L. & P. Co. v. Colbert, 190 Ala. 229, 67 So. 513; Keen v. St. L., I. M. & S. R. Co., 129 Mo. App. 301, 108 S. W. 1125; Cleveland C. C. & St. L. R. Co. v. Case, 174 Ind. 369, 91 N. E. 238.

An allegation of "permanent injury" is not equivalent to an allegation of diminished earning capacity. Scholl v. Grayson, 147 Mo. App. 652, 127 S. W. 415.

There being no allegation as to plaintiff's earning capacity, the extent to which such capacity had been impaired was not properly within the issues, and it was error to admit testimony, over the objection of the defendant, as to the difference between his earnings prior and subsequent to the injury, and to submit that question to the jury as an element of damages.

Counsel rely upon the case of M., O. & G. R. Co. v. Collins, 47 Okla. 761, 150 Pac. 142, but that case is not an authority in point. There the question was the admissibility of mortality tables, showing the life expectancy of the plaintiff. It was held that when the effect of the injury to a person is to permanently diminish his earning capacity, the expectancy of life of such person becomes a matter of importance in estimating the amount of his damages.

The judgment of the trial court is reversed and the cause remanded for new trial.

RAINEY, KANE, JOHNSON, and Mc-NEILL, JJ., concur.