## FIRST NAT. BANK OF MOUNDS v. COX.

No. 10173—Opinion Filed May 31, 1921.

(Syllabus.)

1. Damages—Pleading—Special Damages.

Special damages which do not necessarily result from the injury complained of must be specially pleaded, except where they are conclusively presumed from the facts stated.

2. Attachment—Action for Damages for Wrongful Levy—General and Special Damages—Evidence.

For the detention of property wrongfully seized under an order of attachment against another person, the owner's measure of damages, under the allegations of a petition pleading only general damages, is the value of the use of the property while detained, and the admission of evidence to establish special damages by the trial court constitutes reversible error.

Error from County Court, Creek County; J. V. Frazier, Judge.

Action for damages by A. B. Cox against the First National Bank of Mounds. Judgment for plaintiff and defendant appeals. Reversed and remanded, with directions to the trial court to grant a new trial.

Smith & Walker, for plaintiff in error.

W. V. Pryor and C. B. Rockwood, for defendant in error.

KENNAMER, J. This action was tried in the county court of Creek county to a jury, resulting in a verdict in favor of A. B. Cox, plaintiff, defendant in error herein, for $500 damages. The judgment was entered upon the verdict of the jury. The First National Bank of Mounds, defendant in the action, plaintiff in error herein, appeals. The parties will be referred to as they appeared in the trial court.

The First National Bank of Mounds, sometime in January, 1916, filed an action against W. B. Fitzpatrick, a nephew of A. B. Cox, and caused an attachment to issue. It appears that Fitzpatrick had been a customer of the bank, and for a few years operating a mill and elevator in the town of Mounds, and had become indebted to the bank in a sum of about $2,500, and before the filing of the attachment action had absconded; that the bank directed the sheriff of Creek county to levy the attachment upon the property set out in the petition of the plaintiff in this action, which had been formerly operated and used by Fitzpatrick in conducting a mill and elevator business; that at the time Fitzpatrick absconded the plaintiff in this action was left in possession of the property and claimed to have purchased the same from Fitzpatrick, and when the order of attachment was levied upon the property Cox, the plaintiff in this action, filed, in the action between the bank and Fitzpatrick, a plea of intervention, asserting title to the property; that the district court of Creek county sustained his plea of intervention and decreed Cox to be the owner of the property and the attachment order dissolved; then Cox, the plaintiff in this cause, filed this action against the bank and alleged that the property was unlawfully and wrongfully seized under the order of attachment, and that by reason of the wrongful seizure of the property he was damaged in the sum of $500. The allegation in the petition filed by the plaintiff herein was a general allegation of wrongful seizure of the property by which he was thereby damaged in the sum of $500. The defendant bank filed a general denial to the petition, and upon the issues joined the jury returned a verdict for the plaintiff, Cox, for $500, and from the judgment rendered thereon the bank has appealed.

Twenty-nine assignments of error are presented to the court in the petition in error. Most of the assignments present the question of error by the court in admitting incompetent, irrelevant, and immaterial testimony. Under the allegations of the plaintiff's petition upon which this action was tried the only damages that it was competent for the plaintiff to establish were general damages, which were the reasonable value of the use of said property during its wrongful detention, and it was prejudicial error for the court to permit the plaintiff to introduce testimony tending to establish special damages.

In an action for damages in tresspass or for wrongful levy of attachment upon property not the property of the defendant in the attachment action, where the allegations of the petition fail to plead special damages, general damages only may be recovered. General damages are defined to be such as the law implies or presumes to have occurred from the wrong complained of, or such damages as the law holds to be the necessary result of the action of the defendant. Special damages are such as actually result from the action of the defendant but are not such a necessary result that will be implied by law. O'Brien v. Quinn, Sheriff (Mont.) 90 Pac. 166. The authorities appear uniformly to hold that evidence of special damages cannot be introduced unless pleaded. 6 C. J., page 519, sec. 1261; 2 R. C. L. 908, sec. 120; 8 R. C. L., par. 157; Bradley et al. v. Borin (Kan.) 36 Pac. 977; Kennedy the Van Horn, 77 Okla. 100, 186 Pac. 483;

Missouri, K. & T. R. Co. v. Watkins, 77 Okla. 270, 188 Pac. 99-102.

In the case of Kennedy v. Van Horn, supra, this court, in an opinion by Owen, Chief Justice, said:

"The rule appears to be well settled that special damages must be pleaded, and it is error to admit proof of such damages in the absence of such allegation. 8 R. C. L. p. 612; 17 C. J. 1002; Boyden v. Burke, 14 How. 576, 14 L. Ed. 548; Gumb v. R. Company, 114 N. Y. (69 Sickles) 411; Tomlinson v. Town of Derby, 43 Conn. 562."

We conclude from an examination of this record that the court committed prejudicial error in admitting evidence to establish special damages. The Supreme Court of Iowa, in the case of Turner v. Yonker et al., 76 Iowa, 258, announced the rule governing the measure of damages for wrongful seizure of property of a third party under an order of attachment as follows:

"For the detention of property wrongfully seized under an attachment against another, the owner's measure of damages is the value of the use of the property while detained." Callahan & Co. v. Chickasha Cotton Oil Co., 17 Okla. 544-559, 87 Pac. 331.

Under the general allegations of the petition in this action we are of the opinion that the reasonable value of the use of the property while detained is the rule to which the plaintiff should have been confined in the introduction of his testimony.

Upon a careful examination of the entire record we are convinced that there has been a miscarriage of justice in the trial of this cause, and that the judgment should be reversed. It is, therefore, ordered that the judgment be reversed, and the cause remanded to the trial court, with directions to grant the defendant a new trial.

HARRISON, C. J., and JOHNSON, McNEILL, MILLER, and ELTING, JJ., concur.