## PURE OIL PIPE LINE CO. v. ROSS.
### No. 385.

Circuit Court of Appeals, Tenth Circuit.
July 25, 1931.

Thos. H. Owen and M. A. Looney, both of Oklahoma City, Okl. (Paul N. Lindsey and J. Fred Swanson, both of Oklahoma City, Okl., on the brief), for appellant.

A. B. Carpenter, of Shawnee, Okl., for appellee.

Before COTTERAL, PHILLIPS, and McDERMOTT, Circuit Judges.

PHILLIPS, Circuit Judge.

Ross brought this action against the Pure Oil Pipe Line Company to recover damages for personal injuries. From a judgment for plaintiff defendant has appealed.

At the trial plaintiff testified as a witness in his own behalf. On cross-examination he was asked whether he had pleaded guilty in the county court of Payne County, at Stillwater, to selling intoxicating liquor, and had been sentenced to pay a fine of $100 and to serve thirty days in jail. On the objection of counsel for plaintiff the court ruled that a conviction for a violation of a Prohibition Law cannot be shown to affect the credibility of a witness.

Section 725, Title 28, USCA, reads as follows:

"The laws of the several States, except where the Constitution, treaties, or statutes of the United States otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply."

Section 585, C. O. S. 1921, reads as follows:

"No person shall be disqualified as a witness in any civil action or proceeding, by reason of his interest in the event of the same, as a party or otherwise, or by reason of his conviction of a crime; but such inter-est or conviction may be shown for the purpose of affecting his credibility."

It is well settled that section 725, supra, requires the national courts in the trial of civil cases at common law to observe as rules of decision, when not within the exceptions named, the rules of evidence prescribed by the statutes of the states in which such national courts are held. Connecticut M. Life I. Co. v. Union Trust Co., 112 U. S. 250, 5 S. Ct. 119, 28 L. Ed. 708; Turner Simplicity Mfg. Co. v. Bremner (C. C. A. 8) 40 F.(2d) 368, 370; and cases cited in note 81, sec. 725, Title 28, USCA.

Section 7002, C. O. S. 1921, declares that a violation of the Oklahoma Prohibition Law is a misdemeanor punishable by a fine of not less than $50 nor more than $500 and by imprisonment for not less than thirty days nor more than six months.

The word *crime* ordinarily includes a misdemeanor. Murray v. United States, 53 App. D. C. 119, 288 F. 1008, 1014; United States v. Zarafonitis (C. C. A. 5) 150 F. 97, 101, 10 Ann. Cas. 290; 16 C. J. p. 51.

The Oklahoma courts have construed the word *crime* as used in section 585, supra, to include a misdemeanor such as a violation of the State Prohibition Law. Relf v. State (Okl. Cr. App.) 280 P. 851; Hargis v. State, 33 Okl. Cr. 283, 243 P. 986; Queen v. State, 23 Okl. Cr. 146, 212 P. 1021; Hendricks v. State, 23 Okl. Cr. 18, 212 P. 330.

It follows that the trial court erred in sustaining the objection to the impeaching question.

The question remains: Was such error prejudicial?

The exclusion of competent impeaching evidence is not prejudicial error where the testimony of the witness sought to be impeached is in substantial harmony with that of unattacked witnesses, and is not contradicted. Mo., K. & T. R. Co. v. Johnson, 34 Okl. 582, 126 P. 567, 571; Finlen v. Heinze, 32 Mont. 354, 80 P. 918, 926; Graham v. State, 28 Okl. Cr. 266, 230 P. 763, 766; 4 C. J. p. 961, § 2942. However, the exclusion of competent impeaching testimony is prejudicial error where the testimony on the issue, relating to which the witness is offered, is unsupported by other evidence. Calahan v. Dunker, 51 Ind. App. 436, 99 N. E. 1021, 1025; Texas & P. R. Co. v. Spann (Tex. Civ. App.) 173 S. W. 600; Smith v. State, 34 Okl. Cr. 396, 246 P. 1104; 4 C. J. p. 961, § 2942.

The facts with respect to the accident, and to a large extent with respect to the injuries and damages, rest wholly upon plaintiff's testimony. This testimony was vital and it is impossible to say what effect the admission of the improperly excluded impeaching testimony would have had upon the jury. It follows that the error injuriously affected a substantial right of defendant and was prejudicial.

The petition did not plead loss of earnings as special damages. Plaintiff testified that he was a rock mason; that before the accident he had been engaged in laying rock and had been earning five dollars per day; that due to injuries suffered at the time of the accident he had thereafter been unable to work. Counsel for defendant objected to this evidence on the ground that the petition did not plead loss of earnings as special damages, and also requested the court to instruct the jury that it should not take into consideration any loss of earning capacity suffered by plaintiff in arriving at his damages. The objection was overruled and the request refused.

In the case of Kennedy v. Van Horn, 77 Okl. 100, 186 P. 483, the court said:

"The rule appears to be well settled that special damages must be pleaded, and it is error to admit proof of such damages in the absence of such allegation. * * *

"It is equally well settled that diminished earning capacity from a personal injury is special damages, and to be recoverable must be especially claimed in the petition. * * *

"An allegation of 'permanent injury' is not equivalent to an allegation of diminished earning capacity. * * *

"There being no allegation as to plaintiff's earning capacity, the extent to which such capacity had been impaired was not properly within the issues, and it was error to admit testimony, over the objections of the defendant, as to the difference between his earnings prior and subsequent to the injury, and to submit that question to the jury as an element of damages."

The admissibility of evidence under the pleadings is a matter respecting the remedy, and under the Conformity Act is governed by the law of the place where the suit is brought. Pacific Coin Lock Co. v. Coin Controlling Lock Co. (C. C. A. 9) 31 F.(2d) 38; Southern R. Co. v. King (C. C. A. 5) 160 F. 332, 339; Monarch Tobacco Works v. American Tobacco Co. (C. C. Ky.) 165 F. 774, 782, 783; Central Vt. R. Co. v. White, 238 U. S. 507, 511, 513, 35 S. Ct. 865, 59 L. Ed. 1433, Ann. Cas. 1916B, 252.

The general charge of the court did not mention loss of earnings as an element of damages and probably did not warrant the jury in taking into consideration such loss in estimating plaintiff's damages. However, since evidence of loss of earnings was introduced, we think the requested charge should have been given to avoid possibility of the jury erring.

If the plaintiff desires to introduce evidence showing loss of earning capacity and to have that issue submitted to the jury, he should amend his complaint by setting up loss of earnings as special damages in conformity with the requirements of the Oklahoma practice.

The cause is reversed and remanded, with instructions to grant defendant a new trial.