Charles CREEKMORE, Appellant,

v.

C. L. CROSSNO, Appellee.

No. 5864.

United States Court of Appeals
Tenth Circuit.

Sept. 29, 1958.

Joe A. Moore, Sapulpa, Okl. (Collins & Moore, Sapulpa, Okl., and Jack B. Sellers, Drumright, Okl., on the brief), for appellant.

Clyde J. Watts, Oklahoma City, Okl. (Looney, Watts, Looney & Nichols, and Anna B. Otter, Oklahoma City, Okl., on the brief), for appellee.

Before MURRAH, PICKETT, and BREITENSTEIN, Circuit Judges.

BREITENSTEIN, Circuit Judge.

Appellant Creekmore sued appellee Crossno for damages allegedly resulting from an automobile collision which occurred near Oilton, Oklahoma, when Creekmore drove from a side road onto a main highway into the path of the car driven by Crossno. At the time visibility was seriously impaired by fog. Creekmore testified that he did not see Crossno who was driving at excessive speed. The jury verdict was for Crossno, the appellee-defendant.

The only point raised by this appeal is the admissibility of testimony of a state patrolman relating to the reputation of Creekmore for truth and veracity. The patrolman was the first witness called by plaintiff Creekmore. He testified as to what he observed at the scene a short time after the occurrence of the accident. On cross-examination he testified as to statements made to him at the time by Creekmore. He was then asked about

the reputation of Creekmore for truth and veracity. Over appropriate objections he was permitted to answer and stated that it was bad. The effect of such statement was weakened by the redirect examination which followed. Later in the trial Creekmore testified in his own behalf.

Appellant asserts, first, that evidence of the character and reputation of a litigant is not admissible in a negligence case such as this and, second, that no foundation had been laid for the impeaching testimony because at the time Creekmore had not testified.

 Plaintiff Creekmore voluntarily testified in his own behalf to material facts. He was subject to impeachment as any other witness would be.[1] As this court has said, "The credibility of the witness is always relevant in the search for truth."[2] Credibility may be impeached by proof that general reputation for truth and veracity is bad.[3]

 The difficulty is that the impeaching evidence was received before the witness who was sought to be impeached had testified. The credibility of Creekmore was neither relevant nor material until he testified as to some material fact. In Bryant v. United States, 5 Cir., 120 F.2d 483, 484, a criminal case, it was held that a witness may not be impeached before he has testified. The Second Circuit in United States v. Smolin, 182 F.2d 782, 785, another criminal case, stated that error in the admission on the prosecution's direct case of evidence admissible only for purposes of impeachment may not be cured by the defendant's subsequent testimony in his own behalf or introduction of evidence of good character. In a civil case, Smallfield v. Home Insurance Co. of New York, 9 Cir., 244 F.2d 337, 341, the idea that impeaching evidence given prior to any testimony by a party witness may on appeal be considered as admissible was referred to as a "precarious assumption" but the point was not determined as it was held that the impeachment was on a collateral matter and not admissible for that reason.

 The reception of the impeaching testimony was clearly erroneous. The effect of the later appearance of the impeached party as a witness to a material fact goes not to the cure of the error but bears on the question of whether the error was prejudicial. Errors which do not affect the substantial rights of the parties must be disregarded.[4] The rule is that he who seeks to have a judgment set aside because of an erroneous ruling carries the burden of showing that prejudice resulted.[5] That burden has not been sustained. While a party has the freedom of choice as to whether he will put his credibility in issue by testifying,[6] that choice was illusory so far as Creekmore was concerned. On the record before us he, the plaintiff, could not have made out a case for consideration by the jury without his own testimony. The reputation testimony of the patrolman became of doubtful value when he admitted on examination by Creekmore's attorney as to his knowledge of Creekmore's reputation for truth and veracity that "My experience is just the general reputation" and that "I've never had occasion to question his truth and

1. Miles v. Sparks, Okl., 262 P.2d 430, 433; Bedwell v. Grand Trunk Western Railroad Co., 7 Cir., 226 F.2d 150, 154. Cf. 12 O.S.1951 § 381; Pure Oil Pipe Line Co. v. Ross, 10 Cir., 51 F.2d 925, 926.

2. Atkinson v. Atchison, Topeka & Santa Fe Ry. Co., 10 Cir., 197 F.2d 244, 246.

3. Swafford v. United States, 8 Cir., 25 F.2d 581, 584; Miles v. Sparks, supra. In Wigmore on Evidence, 3rd Ed., Vol. III, § 922, p. 477, it is said that: "Char-

acter for truth is always and everywhere admissible." See also A.L.I., Model Code of Evidence, Rule 106, p. 117, and comment which follows.

4. Rule 61, Federal Rules of Civil Procedure, 28 U.S.C.A.; 28 U.S.C. § 2111.

5. Palmer v. Hoffman, 318 U.S. 109, 116, 63 S.Ct. 477, 87 L.Ed. 645.

6. Cf. United States v. Modern Reed & Rattan Co., 2 Cir., 159 F.2d 656, 658.

veracity." No motion to strike the reputation testimony was thereafter interposed. Under all the circumstances of this case we conclude that the error was not prejudicial.

The judgment is affirmed.