No. 2,269.

DANIEL McFADDEN, RESPONDENT, v. ANDREW CRAWFORD, APPELLANT.

LIABILITY OF EMPLOYER. — A party who employs another to do work is primarily liable to the employee for his wages, although the work was being performed for him by a third party under contract.

IDEM. — PASSAGE MONEY. — A party employed to perform work at a place distant from that at which he was when employed cannot recover his passage money to such place if the complaint fails to allege any consideration for the promise to pay such passage money.

IDEM. — INTEREST. — In an action to recover wages for work and labor, interest can only be recovered from the time of filing the complaint.

APPEAL from the District Court of the Fourth District, City and County of San Francisco.

The facts are stated in the opinion.

*E. W. McGraw*, for Appellant.

*Quint & Hardy*, for Respondent.

RHODES, C. J., delivered the opinion of the Court:

The point of the contest was, whether the work performed by the plaintiff, on the schooners Stag Hound and Louise Morrison, was performed for the defendant or for Howlett. The Court found that the defendant employed the plaintiff to perform the work, and that the work was performed under such employment, "he, the said defendant agreeing to pay

therefor." The finding will not be disturbed by this Court, as the evidence relating to the question is. conflicting. It being thus established as a fact that the work was performed for the defendant, it is immaterial what the relation may have been between the defendant and Howlett, or whether Howlett or the defendant built the schooners, or whether there were contracts by which Howlett agreed to build each of the schooners; for although there may have been such contracts —as the evidence tended strongly to establish—yet, if the defendant employed the plaintiff to perform work on the schooners, and agreed to pay him therefor, he is primarily liable to the plaintiff for his wages. It was, therefore, unnecessary for the Court to find upon the point requested by the defendant.

The plaintiff is not entitled to recover the sum of twenty-five dollars for his passage money from San Francisco to Coos Bay, for the reason that the complaint does not allege any consideration for the promise to pay that sum of money.

The plaintiff is not entitled to interest on his account previous to the filing of the complaint, January 5, 1869. There is no evidence in the case that Howlett was authorized, as the defendant's agent, to certify or allow the plaintiff's accounts.

The judgment exceeds the amount of the plaintiff's account for his labor, and must be modified.

Cause remanded, with directions to the Court below to render judgment for the plaintiff for $456 91, with interest thereon from the 5th day of January, 1869.