## CITY OF CHICKASHA v. HOLLINGSWORTH *et al.*

No. 6223. Opinion Filed February 29, 1916.

Rehearing Denied March 14, 1916.

(155 Pac. 859.)

1. **CONTRACTS—Damages—Breach.** Where A. contracts to perform work for B., and in order to fulfill his contract A. hires machinery and employs skilled men to operate it, and without fault on his part A. is delayed in his work by B.'s failure to furnish material as agreed, A. is entitled to recover damages for delay proximately caused to him, and the rent of the machinery and the hire of the men are proper elements of damage in this character of case.

2. **INTEREST—Unliquidated Damages.** Interest cannot be recovered upon unliquidated damages, where it is necessary for a judgment on verdict to be had in order to ascertain the amount of same.

(Syllabus by Hooker, C.)

*Error from District Court, Grady County;*

*Frank M. Bailey, Judge.*

Action by C. P. Hollingsworth and others against the City of Chickasha. Judgment for plaintiffs, and defendant brings error. Modified and affirmed.

*Harry Hammerly,* for plaintiff in error.

*Bond & Melton,* for defendants in error.

Opinion by HOOKER, C. The defendants in error recovered a judgment in the lower court against the plaintiff in error for damages caused to them by an unreasonable delay in the performance of a certain contract which they had made with the city, which delay was caused by the failure of the city to furnish the material to be used in the performance of the work and was without fault on the part of the defendants in error. The lower court heard the evidence and rendered a judgment against the plaintiff in error for the sum of $295.50, with interest thereon from the 30th day of June, 1910, amounting to $52.19, which judgment was rendered on the 10th day of July, 1913. To reverse this judgment the city has appealed and has asserted two grounds for reversal: (1) That the evidence upon which the court rendered the judgment is insufficient to sustain the judgment; (2) that the rendition of the judgment for interest upon unliquidated damages was improper.

The evidence discloses that the defendants in error, in order to complete their contract which they made with the city, hired expensive machinery at so much per day and also employed skilled men to operate the same, for which they paid daily wages of so much per day to each man. The court found that the city had, without fault of the defendants in error, unreasonably delayed them in the progress of the work, and that the defendants in error

had been compelled to pay the rent of the machinery in question and the wages for the men during the time that they were delayed and rendered a judgment in their favor and against the city for the same.

We are of the opinion that this is a proper measure of damages in a case of this character, for if the city delayed the defendants in error in the progress of their work they would be entitled to recover from the city the damages accruing therefrom; that is, such as were proximately caused to them by reason of this delay, and if the defendants in error were compelled to pay the rent of the machinery and the wages of the men for the time they were delayed, that the amount thus paid by them would be recoverable against the city, and the same is the proximate damage flowing from this delay.

The machinery used by the defendants in error was of a very expensive character and required skilled men to operate it, and in the absence of an established rental value upon the market we cannot say that the court committed error in fixing the lease price as the *prima facie* evidence of its rental value in the absence of other evidence to the contrary. See *Burgess et al. v. Felix,* 42 Okla. 193, 140 Pac. 1180. However, we think that the damages accruing to the defendants in error was properly found by the court to be the money that they had to pay for the use of the machinery and for the wages of the men during the time of the delay. See *Houser v. Pearce,* 13 Kan. 104.

Upon the second proposition of permitting the defendants in error to draw interest upon the damages as stated above, we are of the opinion that the lower court was in error to this extent, and that section 2848, Rev. Laws 1910,

does not authorize the recovery of interest upon an unliquidated claim of this character, for in the instant case it required a judgment of the court or a verdict of the jury to establish the claim of the defendants in error, and the general rule that interest upon unliquidated damages is not recoverable until reduced to a judgment must be applied in this case.

In the case of *Cox v. McLaughlin,* reported in 76 Cal. 60, 18 Pac. 100, 9 Am. St. Rep. 164, this question is discussed at length, and we quote from paragraph 4 that part of the opinion which we think applicable here:

"The court below allowed interest on the amount recovered, from June 15, 1866. Appellants attack this portion of the judgment as unwarranted by the facts and law. It may be stated as a general principle that interest is not allowed on unliquidated damages or demands. This term 'unliquidated damages' applies equally to cases of tort, as slander, assault, and battery, etc., and to cases upon a *quantum meruit,* for goods sold and delivered, or services rendered. The reason of such denial of interest is said to be that the person liable does not know what sum he owes, and therefore can be in no default for not paying. The damages in such cases are an uncertain quantity, depending upon no fixed standard, are referred to the wise discretion of a jury, and can never be made certain except by accord or verdict. As to such damages there can be no default, and hence the initial point at which to fix the starting of interest is wanting. To this general rule there are many exceptions; and while it is said 'a demand is unliquidated if one party alone cannot make it certain, when it cannot be made certain by mere calculation' (1 Suth. Dam. 610), yet the same author, in the next sentence, adds: 'The allowance of interest as damages is not dependent on this rigid test.' A review of the cases relied upon in support of this last assertion assert this proposition: 'Whenever a debtor is in default for not paying

money, delivering property, or rendering services in pursuance of his contract, justice requires that he should indemnify the creditor for the wrong which he has done him.' *Van Rensselaer v. Jewett,* 2 N. Y. 135 [51 Am. Dec. 275] ; *Lush v. Druse,* 4 Wend. (N. Y.) 313 ; *Van Rensselaer v. Jones,* 2 Barb. (N. Y.) 643 ; *Adams v. Bank,* 36 N. Y. 255. These, and many other cases which might be cited from New York, were mainly based upon express contracts, in which money was to be paid, services rendered, or a duty to be performed at a fixed and certain time— cases in which the default of the debtor at the fixed period was apparent; the amount of the recovery, and not the right to recover at all, being the sole question. This further distinction may be drawn from the New York cases, notwithstanding the damages are unliquidated and not capable of ascertainment by computation, still, if they can be determined by computation, together with a reference to well-established market values, then interest may be recovered. The reason given for this modification of the earlier rule is that in many cases market values are so well established and so easily obtained that it is easy for the debtor to obtain some proximate knowledge of how much he is to pay. This distinction was noted by Selden, J., in *McMahon v. Railroad Co.,* 20 N. Y. 463. Under the law as held in New York at the present time, it is not far wide of the mark to say all the cases in which interest may be recovered by the creditor upon an unliquidated demand for damages arising upon a contract proceed upon the theory: First, that the damages are capable of ascertainment by calculation; second, that if not capable of being thus ascertained, they may be determined by reference to well-established market values, together with computation; or, third, that the debtor is in default in not performing some obligation devolving upon him, whereby the amount of his debt could be rendered certain or susceptible of being made so by calculation. These distinctions were referred to in *McMahon v. Railroad Co., supra,* and the right to recover interest upheld upon the third ground, namely, that

it was the duty of the defendant to have caused its engineer to furnish estimates of the work done, and that, had he done so, the amount of the claim would have been so ascertained as to carry interest. We have referred to some of the New York cases, for the reason that we think that they are in the advance upon the question of allowing interest upon unliquidated demands.

"The case at bar is not an action upon an express contract between the parties. Such a contract, it is true, existed; and, had plaintiff recovered under it, he would have been entitled to interest upon the several payments provided for therein from the dates at which they fell due; but for reasons not now necessary to be enumerated a recovery upon the contract has been abandoned, and plaintiff counts upon a *quantum meruit* for the performance of labor and services, precisely as he might have done had there been no contract. His services, and the material furnished by him, were uncertain as to amount, character, value, and time of payment, until fixed by a verdict or findings of the court. They were not of a character to have a fixed or ascertainable market value. They could not be ascertained by computation, either in extent or value. Defendant was not in default for not ascertaining that which, outside of the abandoned contract, he could not ascertain except by an accord or by verdict or its equivalent. In *Bank v. Northam*, 51 Cal. 387, this court held that interest could not be recovered upon an account for goods, wares, and merchandise sold and delivered. In *Brady v. Wilcoxson*, 44 Cal. 239, it was said: 'The plaintiffs are not entitled to interest. Their claim was an uncertain and unliquidated demand. The amount due cannot be ascertained from the face of the contract, but is to be settled by process of law. On such demands, interest *eo nomine* cannot be allowed.' The case of *Hamer v. Hathaway*, 33 Cal. 117, cited by respondent, was an action of trover, in which the rule as to damages is quite different from that in cases like the one at bar. The rule in such cases was that the plaintiff could recover the value of the

property, with legal interest from the time at which the value is estimated. *Douglass v. Kraft*, 9 Cal. 562. Section 3336 of our Civil Code has substantially continued the rule as it existed previously, with the addition that, under certain specified circumstances, no interest can be recovered. In *McFadden v. Crawford*, 39 Cal. 662, which was an action for work, labor, and services, this court allowed interest on the demand from the date of the filing of the complaint, reversing the action of the court below allowing interest from the rendition of the services. The rule thus enunciated finds some support in Sutherland on Damages, where it is said: 'After demand, or after commencement of suit, accounts generally bear interest. The commencement of suit is a formal demand. Accounts are generally made of items which represent money paid, goods sold and delivered, or services rendered, on request. They are severally demands on which interest may be claimed, though the price had not been fixed by agreement, and must be established by evidence.' 1 Suth. Dam. 616. The same author adds that 'where, however, the account or demand is for particulars, the value or amount of which cannot be measured or ascertained by reference to market rates, and are intrinsically uncertain, or the creditor's demand of payment is excessive or vague, a different case is presented.' The distinction mentioned is pointed out in many of the cases, and it is only by bearing it in .mind that otherwise apparent conflict can be reconciled. We are not prepared to say, in general terms, that no interest in any case can be recovered in an action upon contract for an unliquidated demand. *Mix v. Miller*, 57 Cal. 356, decided since the adoption of the Code, and *McFadden v. Crawford, supra,* decided previously, attest the doctrine that in this state interest is allowable on such demand under some circumstances. These were cases in which the contract had been fully performed by the creditors, the fruits thereof accepted by the debtors without objection, and they were clearly in default, and in the latter case the only question was as to value. But where, as in

the case at bar, the amount of the services, their character and value, can only be established by evidence in court, or by an accord between the parties, and are not susceptible of ascertainment either by computation or by reference to market rates, or other known standard, we are of opinion plaintiff is not entitled to interest prior to verdict or judgment."

We are therefore of the opinion that the judgment in this case should be modified and reduced to $288, with interest from the 10th day of July, 1913, the day of the judgment, until paid, and costs herein expended, and this cause is in all other things affirmed.

By the Court: It is so ordered.