## LUSK et al. v. LAND.

No. 9185—Opinion Filed Nov. 12, 1918.

Rehearing Denied Feb. 4, 1919.

(178 Pac. 93.)

1. **Carriers—Passengers—Ejection.**

M. M. L. was a passenger on a train of the St. L. & S. F. Railroad Company, from Henryetta, Okla., to Holdenville, Okla. When he reached Holdenville, Okla., he was asleep and did not get off the train, and when the train was about three or four miles out of Holdenville the conductor awoke M. M. L. and told him that Holdenville was only a short distance back and that he must get off the train and walk back. M. M. L. protested and offered to pay cash fare to the next station if said conductor would not put him off the train. This request was refused, and M. M. L. was compelled to get off the train and walk back to Holdenville, Okla. Held, that the action of the conductor in compelling M. M. L. to get off of said train under these circumstances, and refusing to transport him upon the payment of regular fare to the next station, constituted an actionable tort, and that said railroad was liable to M. M. L. for all damages necessarily resulting therefrom.

2. **Instructions.**

The instructions examined in the instant case, and held to be a proper statement of the law applicable to the allegations of the petition and the testimony adduced in support thereof.

(Syllabus by Davis, C.)

Error from District Court, Hughes County; Geo. C. Crump, Judge.

Action by M. M. Land against James W. Lusk and others, receivers of the St. Louis & San Francisco Railroad Company. Judgement for plaintiff, motion for new trial denied, and defendants bring error. Affirmed.

W. F. Evans, R. A. Kleinschmidt, and J. H. Grant, for plaintiffs in error.

J. L. Skinner, for defendant in error.

Opinion by DAVIS, C. This action was begun by the defendant in error, M. M. Land, plaintiff below, against James W. Lusk, W. C. Nixon, and W. B. Biddle, receivers of the St. Louis & San Francisco Railroad, plaintiffs in error, defendants below, to recover damages alleged to be due plaintiff by reason of having been ejected from one of defendant's passenger trains.

The parties will be referred to as they appeared in the trial court.

The petition charges that on the 7th day of August, 1916, the plaintiff purchased a ticket from the defendants that entitled him to ride on defendants' train from Henryetta, Okla., to Holdenville, Okla., that he took passage on a regular passenger train, but that when he arrived at Holdenville, Okla., he was asleep, and, when he was awakened by the conductor of said train, he was some four or five miles from the town of Holdenville; that he was a stranger in said place; and that, when the conductor awoke him, the said conductor informed him that he must get off said train and that it was only a short distance back to the town of Holdenville. Plaintiff alleges that he remonstrated with said conductor and offered to pay his fare to the next station, but that the conductor set his suit case off the train and with violent language informed plaintiff that he must get off the train and walk back to the Holdenville station; that, after thus being informed by said conductor, he got off the train and attempted to walk back to the station, which he found to be about four miles from the place where he was put off. Plaintiff further states that he was at that time a man 64 years of age, and that by reason of the long walk and the heat he suffered great physical pain and mental anguish; that his health has been permanently impaired—for all of which he asked judgment for the sum of $2,999.

A general denial was filed by defendants, and on the issues thus formed the cause was submitted to a jury, and verdict returned in favor of plaintiff for the sum of $500. A motion for a new trial was filed, and upon a hearing thereon the trial court ordered a remittitur of $100 as damages claimed by plaintiff by reason of the loss of a suit case, the sum of $150 from the remainder of the verdict for the reason that the amount that was awarded by the jury seemed excessive. The foregoing orders of the court were complied with by plaintiff: The court entered a judgment in favor of plaintiff for $250 and refused a new trial. From this action of the court in refusing a new trial, an appeal is

prosecuted to this court to have the proceedings reviewed.

The first assignment of error is that the court erred in refusing to sustain a demurrer to the evidence offered by plaintiff. Under this assignment of error, 18 pages of the brief for defendants is devoted to a discussion to prove that there is no duty enjoined upon a common carrier to awake a passenger, and notify him when a station is reached. No recovery is sought in this case by reason of the failure of the employes of defendants to awake plaintiff when the train reached Holdenville, Okla. The very gist of the action upon which a recovery is sought by plaintiff is the action of the conductor in refusing to accept cash fare and transport the plaintiff to the next station on the road. The testimony of plaintiff is clear as to the acts of the conductor in this respect and is to the effect that, although he was able and willing to pay his fare to the next station and requested to be permitted to do so, this request was refused, and that his suit case was set off the train and he was ordered off by the conductor. This testimony was denied by the witnesses for the defendants. The jury settled the controverted point by deciding that the plaintiff's version of this matter was correct. This being true, there is no use for any discussion relative to the duties of a common carrier to awake a passenger for a station.

For the acts alleged and charged against the defendants and established by the verdict of the jury, we are of the opinion that the plaintiff was entitled to recover. We think that the acts charged against the defendants and established by the verdict of the jury bring this case within the rule announced in the case of St. Louis & San Francisco R. Co. v. Young, 30 Okla. 371, 120 Pac. 627, and the case of St. Louis & San Francisco R. Co. v. Henry, 46 Okla. 526, 149 Pac. 132. The defendants certainly were not warranted in compelling this man to get off its train three or four miles from a station when he was requesting to be carried to the next station and offering to pay defendants therefor. For this act, the defendants were liable to plaintiff for all the damages that resulted from this tort.

Complaint is made of certain instructions given by the court and refusal of the court to give certain special instruction requested by defendants. An examination discloses that the court properly instructed the jury as to the law applicable to said cause with the exception of the item claimed for the loss of a suit case. This item was remitted and, in addition thereto, the court ordered a remittitur of $150 of the amount left. The amount of the judgment is not challenged here.

There being no error appearing in the record, we recommend that said judgment be affirmed.

By the Court: It is so ordered.