**ST. LOUIS-SAN FRANCISCO RY. CO. v. CLARK.**

No. 13930—Opinion Filed Oct. 7, 1924.

Rehearing Denied Oct. 21, 1924.

1. **Damages—Exemplary Damages—General and Special Damages—Notice.**

In an action for damages under section 5975, Comp. Stat. 1921, it makes no difference whether the damages resulting from the wrongful act be considered general or special as long as it appears from the pleadings and evidence that the injury was the direct and natural result of the wrongful act · and without reference to the special character, condition, or circumstances of the person wronged, and in such case no special notice is necessary.

2. **Evidence — Opinions—Personal Injuries and Relief—Competency of Plaintiff.**

The plaintiff is competent to testify as to his relief from pain under treatment in a hospital whether a physician or not, and such testimony is competent and material where the facts of physical suffering are drawn into question on the issue of physical injury by delay in reaching the hospital for treatment.

3. **Damages—Recovery for Mental Anguish.**

Where wrong has been committed against the person accompanied by wanton insult and consequent humiliation, such pain and anguish may be in the nature of physical injury and is a question of fact for the jury.

4. **Same—Recovery of Interest.**

The damages referred to in section 5973 Comp. Stat. 1921, subject to interest in the discretion of the jury, refer to "damages certain, or capable of being made certain by calculation," as provided for in section 5972, Comp. Stat. 1921, and the interest provided for in the two sections has no application to damages for personal injuries or punitive damages mentioned in section 5975, Comp. Stat. 1921.

5. **Same—Instruction—Harmless Error.**

In an action for damages for personal injuries and exemplary damages it is error for the court to instruct the jury that interest may be given on any damages awarded in case of oppression, fraud or malice, but where such instruction is given and the jury returns a verdict for a sum certain named as actual damages and a sum certain named as exemplary damages and make no mention of interest and the damages so found by the jury are within the limits asked for by plaintiff, the error is harmless.

6. **Appeal and Error—Discretion of Court—Reopening Case.**

After the parties have rested the case, it is within the sound and reasonable discretion of the court to allow the cause opened for further testimony, and such discretion will be approved on appeal without it is made to appear the same was abused.

(Syllabus by Threadgill, C.)

Commissioners' Opinion, Division No. 3.

Error from District Court, Ottawa County; S. E. Fullerton, Judge.

Action by James F. Clark against St. Louis-San Francisco Railway Company, a corporation. Judgment for plaintiff, and defendant brings error. Affirmed.

W. F. Evans, Stuart, Sharp & Cruce, and Ben Franklin, for plaintiff in error.

J. J. Smith and A. W. Turner, for defendant in error.

Opinion by THREADGILL, C. This action was brought by the defendant in error, plaintiff below, against the plaintiff in error, defendant below, to recover damages for personal injuries caused by the wrongful acts of the plaintiff in error, and the parties will be referred to herein as they appeared in the trial court.

The facts, briefly stated, were substantially as follows.

The plaintiff was a disabled soldier and was ordered by medical authority to the hospital at Houston, Tex., for treatment, and for this purpose the United States furnished him an order or requisition for transportation by railroad from Miami, Okla., his home town, to Houston, Tex., which he presented to the ticket agent of defendant in its depot in Miami on April 29, 1920, asking for a ticket. There were several persons applying for tickets to various parts of the state at the same time. The train was almost due and there was only one train a day through to Houston, Tex. Plaintiff had some trouble in getting correction made in the requisition that caused him to be late in reaching the depot. He presented his request at the ticket window about 7:20 p. m. and the train was due at 7:45. The agent asked him why he did not come earlier and he explained his delay. The agent informed him that he could not issue the ticket required before the train came, and that he would not delay the train, and also stated that he had to issue other tickets, and he dropped out of line and in a few minutes entered the line again and made a second request for a ticket. He was dressed as a soldier and he informed the agent it was necessary for him to make the trip at once, that he was ordered to the hospital for treatment, and the agent refused to consider his appli-

cation, and some bard words passed between them and the agent denounced him, using vile words, and told him to take his order and "get the hell out of the depot." Plaintiff was highly nervous, suffering with heart and lung trouble, caused by gas at the battle front in France. He went out of the depot and started to his home in Miami. The train came after his altercation with the agent and after he left the depot. The agent laid the matter before the conductor and the conductor agreed to hold the train until the ticket could be issued. They sent a small boy to find the plaintiff and he found him some distance from the depot on his way home and informed him that the agent wanted to see him, but he refused to return to see the agent and it does not appear that he was informed or knew why he was sent for. He applied the next evening at the same place for a ticket on the same order and was accorded consideration and courtesy from a different ticket agent, and received the ticket and made the trip to Houston, and was given medical treatment and relieved of his great suffering. He asks for $500 damages for his physical injuries caused by the delay of 24 hours, and $2,000 exemplary damages for the wrongful treatment of the agent in denouncing him, insulting him, and ordering him away from the place.

The cause was tried to a jury in April, 1922, and resulted in a verdict and judgment in favor of the plaintiff in the sum of $500 actual and $1,000 exemplary damages, and the defendant appealed by petition in error and case-made, assigning numerous errors, but urging them under four general propositions, which we will consider in the same order as laid out and discussed in the briefs of the parties.

Defendant's first proposition is as follows:

"The verdict of the jury is not sustained by sufficient evidence and is contrary to law and in disregard of the court's instructions."

The defendant in laying out the plan in discussion under this proposition states:

"The court's instructions permitted the jury if they found the evidence justified to assess damages against the defendant:

"1. For physical injury suffered by plaintiff for an additional period of twenty-four hours more than he would have suffered but for the failure, neglect and refusal of defendant to furnish him a ticket.

"2. Mental anguish, pain and humiliation suffered by the plaintiff in connection with said physical injury.

"3. Exemplary damages."

1. Defendant contends that if plaintiff did suffer physical injury by the delay of 24 hours in making the trip, in order to make the defendant liable it was necessary for defendant to have notice or knowledge of plaintiff's condition at the time the ticket was applied for, and the record shows that the court instructed the jury to this effect, and defendant contends there was no evidence of notice or knowledge. We have examined the record of the evidence and we think it is clear that the agent understood that the plaintiff was a wounded soldier, sick and suffering, and trying to get to the government hospital for treatment. One witness heard him say to the agent "that he was a wounded soldier and was starting to the hospital and that it was very necessary." The witness was so impressed with the situation that he said to the agent "that he is a soldier and I will be perfectly willing to wait." The facts and circumstances are sufficient basis for the court's instruction and sufficient to sustain the verdict of the jury on this point. We do not think it makes any difference in this particular class of cases whether the damages resulting from the wrongful act be considered general or special if it appears that the injury was the direct and natural result of such wrongful act, and without reference to the special character, condition, or circumstances of the person wronged. 8 R. C. L. 429-430, lays down the rule as follows:

"Actual damages are either general or special. General damages are those which naturally and necessarily result from the wrongful act or omission, that is to say, those which are traceable to, and the probable and necessary result of the injury, or which the law implies or presumes to have accrued from the wrong complained of. Though they are frequently spoken of as necessarily resulting from the wrong, this does not mean that they are such only as must a-priori, inevitably, and always result therefrom. It is enough if, in the particular instance, they do in fact result from the wrong directly and proximately, and without reference to the special character, condition or circumstances of the person wronged. The law then, as a matter of course, implies or presumes them as the effect which in the particular instance necessarily results from the wrong."

In the case at bar the plaintiff was a soldier, as shown by his uniform, was sick and suffering, and was ordered by medical authority to the government hospital at Houston, Tex., for treatment, and had a requisition for railroad transportation, and made application to the ticket agent for

ticket, and informed the agent of his condition and that it was necessary for him to go on the train which was then about due, and from the facts and circumstances it was apparent that a delay of 24 hours would result in suffering and physical injury to the plaintiff, and such injury would be the natural and proximate result of the delay, and we think that the case comes within the purview of the rule above stated, and as amplified and supported by the following decisions: St. Louis & S. F. Ry. Co. v. Yount, 30 Okla. 371, 120 Pac. 627; Lusk et al. v. Land, 74 Okla 212, 178 Pac. 93.

We must therefore conclude that the actual damages claimed by the plaintiff were the natural and proximate result of the defendants' wrongful act in refusing to honor the requisition for transportation and issue a ticket as demanded by plaintiff.

The defendant cites the following authorities in support of its contention that the damages. if any, were special, and notice or knowledge of the peculiar situation should have been given the defendant before a recovery could be had: First National Bank of Mounds v. Cox, 82 Okla. 129, 198 Pac. 579; 17 C. J. 753, paragraph 83; Sutherland on Damages, vol. 3, par. 938; International & G. M. R. Co. v. Anchonda (Tex.) 68 S. W. 743; Louisville & N. R. Co. et al. v Clark (Ala.) 87 South. 676; Central of Georgia Ry. Co. v. Barnitz (Ala.) 73 South. 471; C. B. & Q. R. Co. v. Gelvin, 238 Fed. 14; Freeman v. Macon Gas Light & Water Co.. 126 Ga. 843, 56 S. E. 61, 7 L. R. A. (N. S.) 917.

But the rule stated in these cases is not applicable to the facts of the case at bar.

2. The defendant further complains that the court committed error in permitting the plaintiff to testify as to his treatment in the hospital and the results in relieving him of his suffering, contending that he was not a competent witness, that such testimony could only be given by physicians, citing Willet v. Johnson, 13 Okla. 563, 76 Pac. 174, A.. T. & S. F. Ry. Co. v. Melson, 40 Okla. 1, 134 Pac. 388, and other Oklahoma cases, but the rule in these cases goes to the question of diagnosis and could not apply to relief from pain and torture of nerves and the state of comfort and enjoyment after suffering. There was no question as to the disease. The plaintiff was suffering with lungs and heart caused from poisonous gas. This was brought out by expert testimony but it would not require a physician to describe his suffering during the 24 hours he was delayed by the wanton wrong of de-

fendant's employe, nor the relief accorded by treatment in the hospital in Texas.

3. The defendant further contends that the evidence is not sufficient to support the verdict of the jury by reason of the mental anguish, pain, and humiliation alleged to have been suffered by the plaintiff in connection with his physical injury. The court instructed the jury that the plaintiff was not entitled to recover damages on account of mental pain and anguish unaccompanied by physical injury.

Defendant says this instruction was correct but disregarded by the jury because there was no testimony of physical injury. In answer to this the plaintiff states that the instruction lays down the correct rule in general, that a plaintiff in a personal injury case is not entitled to recover damages on account of mental pain and anguish unaccompanied by physical injury, but contends that where wrong has been committed against the person, accompanied by wanton insult and consequent humiliation, such pain and anguish may be in the nature of physical injury, and ought to be distinguished from mere mental alarm, pain and anguish usually resultant, and concomitant effects of a traumatic physical injury, and upheld by the rule, 8 R. C. L. page 429-430, St. Louis & S. F. Ry Co. v. Yount, 30 Okla. 371, 120 Pac. 627: and Lusk et al. v. Land. 74 Okla. 212, 128 Pac. 93, and such injury is a question of fact for the jury.

It takes no argument to show that excitement and anger caused by rough insult are sufficient to produce physical injury to a human being and especially to one already broken and suffering from the effects of poisonous gas to lungs and heart. We think the testimony sufficient to show physical injury and the verdict should be sustained on this issue.

4. As to exemplary damages for $1,000, we think this very reasonable, under the facts and circumstances of the case. We cannot see any excuse or palliation for such conduct as the defendant's employe manifested in this case. He was devoid of the proper temperament for a public position: he exhibited the passions of a petty tyrant or cheap bully, and the defendant by having him in its employ is responsible for his conduct.

Section 5975, Comp. Stat. 1921, provides:

"In any action for breach of an obligation not arising from contract, where the defendant has been guilty of oppression, fraud, or malice, actual or presumed, the

jury in addition to the actual damages may give damages for the sake of exmple and by way of punishing the defendant."

The evidence is amply sufficient to sustain the verdict for the punitive damages assessed by the jury and approved by the court.

5. In the next place the defendant complains of the following instruction:

"You are instructed that damages is compensation which any person who suffers detriment from the unlawful act or omission of another may recover from the person in fault and that detriment is a loss or harm suffered in person or property and that in an action for the breach of an obligation not arising from contract and in every case of oppression, fraud or malice interest may be given in the discretion of the jury."

The latter part of this instruction as to interest is the objectionable part complained of. The court evidently, in giving this instruction, was trying to conform to section 5973, Comp. Stat. 1921, which reads as follows:

"In an action for the breach of an obligation not arising from contract and in every case of oppression, fraud or malice interest may be given in the discretion of the jury."

This section should be considered with section 5972 which provides as follows:

"Any person, who is entitled to recover damages certain, or capable of being made certain by calculation, and the right to recover which is vested in him upon a particular day is entitled also to recover interest thereon from that day, except during such time as the debtor is prevented by law or by the act of the creditor from paying the debt."

The damages referred to in section 5973, subject to interest in the discretion of the jury, refer to "the damages certain, or capable of being made certain by calculation," as provided for in section 5972, and the interest provided for in the two sections is held to have no application to damages for personal injuries, or punitive damages mentioned in section 5975.

The general rule is stated in City of Chickasha v. Hollingsworth et al., 56 Okla. 341, 155 Pac. 859, as follows:

"Interest cannot be recovered upon unliquidated damages where it is necessary for a judgment or verdict to be had in order to ascertain the amount of same."

St. Paul Fire & Marine Ins. Co. v. Robinson, 72 Okla. 269, 180 Pac. 702. We must therefore conclude that the court's instruction as to interest was erroneous and should not have been given.

6. But is this erroneous instruction of sufficient importance to work a reversal of the case? The court defined damages by the instruction and then added, "that in every case of oppression, fraud or malice interest may be given in the discretion of the jury." Plaintiff sued for $500 actual and $2,000 exemplary damages, and the verdict of the jury was for $500 actual and $1,000 exemplary damages, and the same makes no mention of interest; and since the instruction as to interest does not fix any rate or time, and the verdict is within the limits asked for by plaintiff the presumption is, it does not provide for interest, and not that it does provide for interest.

We cannot see where the defendant was injured by this instruction, and without the error is shown to be clearly prejudicial to the losing party he is not entitled to a reversal.

The defendant contends that the error is apparent and prejudicial because it cannot be determined, where the jury finds for a lump sum, how much is for damages and how much for interest, and cites many cases in support of this contention, but it is obvious that these cases are not applicable here, because the verdict in this case expresses two lump sums and designates them as damages—"$500 for actual and $1,000 for exemplary damages,"—and makes no mention of interest. The presumption must be indulged that where the jury states what the lump sum is for, that they mean what they say. We think the defendant has failed to show any injury on account of this instruction.

Section 319, Comp. Stat. 1921, provides as follows:

"The court, in every stage of action, must disregard any error or defect in the pleadings or proceedings which does not affect the substantial rights of the adverse party; and no judgment shall be reversed or affected by reason of such error or defect."

St. Louis & S. F. R. Co. v. Rushing et al., 31 Okla. 231, 120 Pac. 973.

And section 2822, Comp. Stat. 1921, provides as follows:

"No judgment shall be set aside or new trial granted by any appellate court of this state in any case, civil or criminal, on the ground of misdirection of the jury or the improper admission or rejection of evidence or as to error in any matter or pleading or procedure, unless, in the opinion of the court to which the application was made, after an examination of the entire record, it appears that the error complained of has probably resulted in a miscarriage of jus-

tice, or constitutes a substantial violation of a constitutional or statutory right." Dunn v. Modern Foundry & Mach. Co., 51 Okla. 465, 151 Pac. 893; Midland Valley R. Co. v. Clark, 78 Okla. 121, 189 Pac. 184; Brownell v. Morehead. 65 Okla. 219, 165 Pac. 408.

In the last case cited the court uses this language:

"Whether or not an instruction, correct as an abstract statement of the law, but inapplicable to the facts of the case, was prejudicial to the rights of the plaintiff in error must be determined by this court upon the whole facts in each particular case, and the determination will ordinarily not serve as a precedent for any other case, since the same instruction may be prejudicial in one case and not in another, depending upon the facts of each case and the circumstances under which it is given. A cause ought not to be reversed for misdirection of the jury in this regard, unless this court can say that such misdirection constituted a substantial violation of a statutory or constitutional right or probably resulted in a miscarriage of justice."

In the case of Great Western Coal & Coke Co. v. Coffman, 43 Okla., on page 414, 143 Pac. 35, the court uses this language:

"We think the true rule is that where the damages are unliquidated and the jury has been permitted by the instructions to consider an element not sustained by the evidence, the error should be treated as harmless, where from an inspection of the evidence and the verdict, it is reasonably certain that the jury was not misled, and that it allowed nothing on account of the elements improperly submitted to it."

We cannot see where the defendant was injured by this instruction, and from the above authorities it appears it is not every error of this class of cases, under consideration, that will entitle the losing party to a reversal.

Therefore, taking into consideration the evidence and entire record together with the instruction complained of, and other instructions given and the language and amount of the verdict, we do not think the jury was misled to include interest in the verdict when they did not express it. We think the verdict is true to the issues and evidence in the case and in accord with right and justice, and under the great weight of authority the error complained of was harmless.

7. In the next place the defendant complains of certain instructions given and certain instructions asked for and refused by the court. We have examined the general charge of the court, and, taking the view of the case we do, as above expressed, we think the instructions of the court fairly state the issues and law applicable to the same and, inasmuch as the instructions asked for by the defendant amounted, in substance, to peremptory instructions for a verdict in favor of defendant we think they were properly refused.

8. The defendant finally contends that the court committed error in allowing the plaintiff to reopen the case and introduce testimony as to the treatment in the hosital at Houston. Tex. It appears from the record that both sides had rested and the court was preparing the instructions, and defendant had consented for its witnesses to go away, and they were excused. The court allowed the request of plaintiff to reopen over objection of defendant, and testimony was given by the plaintiff as to his receiving treatment when he reached the hospital, and he was relieved of his pain and suffering. The ground of the objection was that the witnesses were excused and the defendant could not answer this testimony, but it is not stated what witness of those excused would have testified, and what he would have said in answer to plaintiff's testimony. Allowing the case to be reopened and testimony introduced was in the reasonable discretion of the trial court, and without it is made to appear that the court abused its discretion to the prejudice of the opposing party, the act of the court in reopening the case will not be disturbed by this court on appeal. 26 R. C. L. pages 1042-43: Federal Life Ins. Co. v. Whitehead, 73 Okla. 71, 174 Pac. 784; Ins. Co. of the State of Penn. v. Harris, 49 Okla. 165, 152 Pac. 359; St. L. & S. F. R. Co. v. Long, 41 Okla. 177, 137 Pac. 1156: State Bank of Westfield v. Kiser, 46 Okla. 180, 148 Pac. 685.

Upon a review of the whole record in this case we are of the opinion that substantial justice was done to the parties and the judgment should be affirmed.

By the Court: It is so ordered.