## McPOSEY v. SISTERS OF THE SORROWFUL MOTHER et al.

No. 23341. April 14, 1936.

Rehearing Denied May 12, 1936.

Sam A. Neely and D. F. Rainey, for plaintiff in error.

Hagan & Gavin and Gibson, Maxey & Holleman, for defendants in error.

BAYLESS, J. E. McPosey, plaintiff in error and plaintiff below, instituted an action in the district court of Tulsa county, Okla., against the Sisters of the Sorrowful Mother, a corporation, and certain individuals, defendants in error and defendants below. A demurrer to the plaintiff's petition interposed by the defendants was sustained. Plaintiff thereupon filed an amended petition, and then separate demurrers of the defendants thereto were sustained, the plaintiff declined to plead further, and upon judgment being rendered in favor of the defendants, plaintiff appealed.

The allegations of the first cause of action, consisting of five counts, of the amended petition may be summarized as follows: (1) The corporation owned and operated a hospital in Tulsa; (2) defendant Nelson was its agent and in charge of certain laboratories and research work in said hospital; (3) that plaintiff was legally married to Ruby Ellis McPosey, and a state of marital affection and relations existed; (4) that

said wife was ill and the services of defendants Lynch and Porter were procured for her; and that Porter was Lynch's agent; (5) that on the advice of Lynch plaintiff placed his wife in defendant corporation's hospital, and became bound and liable to pay $256.25 for such hospitalization; (6) that said corporation had a duty to care for said wife so long as she lived and remained in said hospital alive, and in the event of her death the further duty to deliver her body to him unmolested and in proper condition; (7) that said corporation breached said duty as more particularly set out hereinafter; (8) that the corporation notified plaintiff his said wife was dead, and plaintiff thereupon procured the services of an undertaker and immediately called for the body; (9) that the defendant Nelson, as agent of the corporation, and others of its agents, servants, employees, attaches, nurses, and internes, and the defendant Porter as agent of Lynch, thereupon took into their possession the body of said wife and performed an autopsy thereon; (10) that this was without plaintiff's knowledge and consent; and (11) then follows a narration of the refusal of defendant corporation or its agents to deliver the body to him, his consequent search therefor and the circumstances under which it was found. For the alleged breach of duty and refusal to deliver the body he asks for damages as the first' count. In the second count he incorporates all of the material allegations hereinbefore made, and alleges he was forced to employ help to locate the body of his wife at a cost of $25, to his damage in the amount of $25. In the third count he sets out that he has since been unable to work or pursue his occupations, his physical well-being has been impaired, etc., to his additional damages of $10,000. In the fourth count he asks for mental anguish and grief in the amount of $5,000. In the fifth count he alleges that certain personal apparel of his wife was kept which was of a value of $20. The total damages sought under the five counts of the first cause of action was $25,045. In the second cause of action consisting of one count, the plaintiff sought exemplary damages of $25,000.

The demurrer of defendant Lynch was general to the first cause of action, and each of its counts, and general as to the second cause of action.

The demurrer of defendant corporation, Porter, and Nelson was general as to all counts of the first cause of action, general as to sections 1 and 2 of count 2 and general as to section 1 of count 3, and likewise section 1 of count 4 and section 1 of count 5.

The demurrer was general as to cause of action No. 2.

The order of the court sustained said demurrers generally, and without division or explanation.

It is clear from the case of Long v. C., R. I. & P. R. R. Co., 15 Okla. 512, 86 P. 289, that any expense or additional expense occasioned the person entitled to the possession of a body for burial by the tort or breach of contract of one having the body to render a service thereon is a proper item of recovery.

By the 5th subdivision of section 1223, O. S. 1931, it is provided that clothing of a decedent is not an asset of the estate, and by said section the surviving husband, as the case may be, is entitled thereto. Therefore, count 5 stated a cause of action.

In our opinion, the trial court committed error in sustaining the demurrer to the entire petition.

What we have said already would be sufficient to cause us to remand the matter to the trial court if it were not for the fact that from a reading of the records and briefs of the parties we are convinced that the principal point argued and decided was the attempt to recover damages for mental anguish, pain and grief because of the mutilation of the corpse of the wife. The effect of the trial court's ruling was to hold that no recovery could be had therefor, and therefore the amended petition did not state a cause of action in this respect. This goes to counts 3 and 4 of the first cause of action.

Damages for mental anguish on account of mutilation of a corpse are usually discussed under three heads, viz.: (1) Generally, (2) by a carrier, and (3) wrongful dissection. We are not particularly concerned with the general rule that a recovery may be had, since we have to apply the rule specifically in this case—wrongful dissection.

The wrongful dissection of a dead body is regarded as a willful and intentional wrong against the person entitled to the possession and control of the body for burial, and a recovery may be had for the mental anguish resulting from such mutilation. 8 R. C. L. 695, sec. 18, and supplements, 17 C. J. 1144, sec. 19 and notes: Nichols v. Central Vermont R. Co., 94 Vt. 14, 109 A. 905, 12 A. L. R. 333; Coty v. Baughman, 50 S. D. 372, 210 N. W. 348, 48 A. L. R. 1205, and notes; and Hill v. Travelers Ins. Co., 154 Tenn.

54

295, 294 S. W. 1097, 52 A. L. R. 1442, and notes.

These cases generally treat the unauthorized dissection as an interference with a legal right. This legal right is the right to have immediate possession of the body in its condition at the time of death, and control for burial. In this state by statute this is both a right (section 1973, O. S. 1931) and a duty (section 1971, O. S. 1931). Also by statute no dissection may be performed upon a corpse but with the consent of the person entitled to possession as specified in sections 1971 and 1973, supra, except in furtherance of legal duties of coroners, etc., with which we are not interested. Section 1968, O. S. 1931.

We feel that a petition which alleges the right to a body, and a refusal to deliver up said body on demand, and the performance of an unauthorized and wrongful dissection thereon while it is withheld, states a cause of action for damages for the interference with legal rights, and that mental anguish is a proper element of such damages.

To our minds there is a clear distinction between this case, and those authorities upon which it is based, and the case of Long v. C., R. I. P. R. Co., supra. In that case the rule relating to carriers is stated to the effect that no recovery would be allowed in this state for mere negligence or willful or intentional negligence Only negligence was involved therein. The negligence of a carrier may result in the mutilation of a body without in any wise having an intent to withhold possession or control from the person entitled thereto. That part of the opinion in the Long v. C., R. I. & P. R. Co. Case, supra, dealing with willful or intentional negligence was dictum. In addition, all of the authorities recognized a distinction between mutilation by the mishandling by a carrier and a wrongful dissection.

What we have just said was directed to counts 3 and 4 of the first cause of action, and also to the first count of said cause of action. See 17 C. J. 1144. sec. 17 and notes.

We are also of the opinion that the allegations of the second cause of action are sufficient to meet the test of a demurrer.

Judgment reversed, and cause remanded for further proceedings.

McNEILL, C. J., OSBORN, V. C. J., and WELCH. PHELPS, and CORN, JJ., concur. RILEY and BUSBY, JJ., absent. GIBSON, J., not participating.