## PEOPLES FINANCE & THRIFT CO. v. HARWELL.

No. 28198. July 5, 1938.

Rehearing Denied Sept. 27, 1938.

Sam S. Gill, for plaintiff in error.

Gibbons & Jennings, for defendant in error.

CORN, J. This is an appeal by plaintiff in error, defendant below, from a verdict and judgment rendered in the district court of Oklahoma county, in an action brought by defendant in error, plaintiff below, to recover damages, both actual and punitive. Hereafter the parties will be referred to as plaintiff and defendant, respectively, as they appeared in the trial court.

Plaintiff and husband borrowed money from defendant, executing a note secured by mortgage on household goods, the note to be paid in monthly installments. August 8, 1935, after the note was delinquent, defendant sent one Hazelwood to the home of plaintiff to make collection. He, in company with one Rogers, called upon plaintiff at her home, and they were admitted by plaintiff's mother. The plaintiff, who was expecting to become a mother in about 60 days, was, at the time, in the rear bedroom of the house. Shortly after their being admitted she joined them in the front room.

Conversation ensued during which Hazelwood insisted that she pay the account, and, according to her testimony, if she did not, the defendant would take the furniture, even her bed. They left in a short time, and immediately thereafter plaintiff became ill, and the following day it became necessary to remove her to a hospital, where she underwent a premature delivery of her child.

Plaintiff alleged the action of defendant's agent caused the premature birth, due to fear and excitement, and by reason of pain and suffering resulting she was damaged in the sum of $10,000. Further, the acts of the agent were in violation of her rights and were malicious and oppressive, entitling her to $10,000 exemplary damages.

Jury trial resulted in a verdict for plaintiff for the sum of $1,000 actual damages and $1,000 exemplary damages. Motion for new trial was overruled, and defendant now offers seven propositions in asking reversal of this judgment.

The real question decisive of this appeal is whether a threat to take mortgaged property, if the debt secured by the same is not paid, can be the basis for civil liability in an action for damages.

62 C. J., section 49, p. 945, states as follows:

"* * * A threat to do that which one has a legal right to do cannot be the basis of an action. * * *

"To sustain an action for damage on

ground of coercion there must be some wrongful or unlawful act or conduct on the part of defendant sufficient to constrain plaintiff against his will to do, or refrain from doing, something which he has a legal right to do or refuse to do and resulting in damage to him."

The defendant's agent called upon the plaintiff only for the purpose of collecting a legitimate obligation, and there was no evidence of any threat of physical violence being offered in the attempt.

The defendant had a right to demand payment from plaintiff, and to declare that if not paid it would take necessary steps to enforce the obligation by asserting its right under the mortgage to proceed against the security. Granting the action and conversation of the agent, Hazelwood, to have been a display of bad manners and lacking in politeness, and admitting that because of plaintiff's delicate condition such actions might justify censuring him from a moral standpoint, this would still be foreign to any legal right for damages. Since there was no threat nor physical invasion of plaintiff's person, her entire claim must necessarily be for physical and mental distress allegedly arising from an occurrence where there was no act amounting to an assault.

Fright, alleged to have been caused or induced by declarations of defendant's agent that defendant would resort to a legal remedy, is not sufficient to form a basis for liability. It is unquestioned the sole purpose of the agent was to collect the delinquent payments from plaintiff. There is nothing to indicate defendant desired to adversely affect her condition and no willful act was directed toward her physical or mental condition.

This court heretofore has had occasion to consider actions based on physical injuries induced by mental sufferings brought about by threats, verbal abuse, indignity, and wanton insult not accompanied by physical assault, and has several times recognized that such injuries are proper basis for damages. See St. Louis & S. F. Ry. Co. v. Henry, 46 Okla. 526, 149 P. 132; S. L. & S. F. Ry. Co. v. Yount, 30 Okla. 371, 120 P. 627; Lusk v. Land, 74 Okla 212, 178 P. 93; St. L.-S. F. Ry. Co. v. Clark, 104 Okla. 24, 229 P. 779; and McPosey v. Sisters of the Sorrowful Mother, 177 Okla. 52, 57 P.2d 617. See, also, 8 R. C. L. 429, note 4 and page 512, et seq. At page 527, section 81, it is said:

"It is a general and most salutary rule that bodily pain and suffering resulting from fright is a proper element of damage though no physical violence is done the person of the plaintiff, provided, of course, the injury is the proximate result of the negligent act, or is the natural and probable consequence thereof."

See, also, the supplement to this work.

It is at this point that plaintiff's case fails. It is difficult to conceive that plaintiff's mental sufferings were the natural and probable result of the statements made by defendant's agent. In our opinion, there is a vast difference in causal effect between a simple statement of purpose based on a clear legal right, and aggravated, wanton, or abusive language in excess of anything reasonably calculated to state a person's purpose based upon a clear legal right. As pointed out above, we do not think the defendant's agent's statement was in any respect aggravated or abusive.

Plaintiff cites and relies upon the rules announced in St. L.-S. F. Ry. Co. v. Clark, supra, and Stockwell v. Gee, 121 Okla. 207, 249 P. 389. However, we find these cases are not applicable. The Clark Case holds humiliation, pain, and anguish resulting from a wanton insult to be in the nature of a physical injury and a question for the jury. This is inapplicable to the case at bar, since there was no showing defendant's agent did insult plaintiff or desired or intended to adversely affect plaintiff's physical or mental condition. The Clark Case is based upon the rules applicable to common carriers.

The Stockwell Case, supra, is a case in which the facts are very similar to the case at bar. However, in that case the court, in affirming the judgment of the trial court allowing plaintiff to recover, held that an assault had been committed upon the plaintiff, inasmuch as the defendant threatened plaintiff and shook his fist in her face, the threat being accompanied by the apparent power of execution, which is not present in the case at bar.

Fright, caused or induced by mere declarations that defendant would resort to its legal remedy, is insufficient to provide a basis for recovery. To hold otherwise would, in the final analysis, be to say that a creditor cannot declare his intention to resort to a legal remedy in order to enforce an obligation without opening the way to become liable in damages because of injury and physical suffering alleged to have been caused thereby. In other words, such a rule could only serve to throw down the bars to an endless field of litigation, ultimately serving

as a means of evasion to be used by debtors against their creditors as a deterrent to collection of honest obligations.

This question being decisive of the appeal, it is unnecessary to discuss the remaining propositions. The judgment of the trial court is reversed, with directions to enter judgment for the defendant.

BAYLESS, V. C. J., and WELCH, PHELPS, and GIBSON, JJ., concur.