NATIONAL LIFE & ACCIDENT INS. CO. et al. v. ANDERSON.

No. 29005.   April 30, 1940.

*102 P. 2d 141.*

Embry, Johnson, Crowe & Tolbert, of Oklahoma City, for plaintiffs in error.

A. S. Wells, of Seminole, and M. L. Thompson, of Wewoka, for defendant in error. ·

GIBSON, J. Plaintiff below recovered judgment for physical injuries allegedly resulting from certain malicious and unlawful words spoken to her by defendants, and the defendants have appealed.

Plaintiff had been collecting sick benefits under a policy issued by the defendant company. The defendant Alberty, as agent for the company, went to plaintiff's home, where he found her in bed and allegedly ill. He informed plaintiff that he had been sent there by the company to pay her $2.40. Plaintiff refused the proffered payment, asserting that her claim was for $6, and that she was still ill, whereupon Alberty, according to plaintiff's testimony, proceeded to berate her in uncomplimentary language, charging that she was not sick and was only a dead-beat.

Defendants say that the foregoing conversation was merely a part of a business conference between the parties, and that in such case a defendant is not to be held liable for physical injuries resulting from harsh language unless he acted with intent to injure plaintiff, or knew that plaintiff's physical condition was such that serious physical injury might result, and that he acted in willful disregard thereof, or acted in disregard of whether damage might result. Pacific Mutual Life Ins. Co. v. Tetirick, 185 Okla. 37, 89 P. 2d 774; Peoples Finance & Thrift Co. v. Harwell, 183 Okla. 413, 82 P. 2d 994. Defendants assert that the evidence wholly failed to establish any of these elements of liability, and that their request for directed verdict therefore should have been sustained.

The case of Pacific Mutual Life Ins. Co. v. Tetirick, above, involved a very similar circumstance. There it was held that, in cases of this character, in addition to evidence of the fundamental facts of the alleged wrongful language of the defendant and the resulting personal injuries to plaintiff, there must be evidence "that the defendant so acted with intent to injure plaintiff, or that defendant knew the plaintiff was in such condition that it would be probable that such conduct would result in serious injury and acted in willful disregard of plaintiff's condition and in willful disregard of the possibility of serious injury; or acted with such malice toward plaintiff as would indicate a conclusion to so act in disregard of whatever damage might be occasioned thereby."

There is evidence that the defendant Alberty knew the plaintiff was ill or recently had been. The defendant company was paying her claims for sick benefits under the policy. She was in bed claiming to be sick at the time of the episode in question. The language, though employed by Alberty at a business conference, was hardly suitable to the matter in hand. If his words and actions resulted in physical injury to the plaintiff, as alleged, it was for the jury under guidance of proper instructions to say whether Alberty was actuated or moved by the motives above mentioned. Pacific Mutual Life Ins. Co. v. Tetirick, supra.

The acts here complained of were unlike those committed by the defendant in Peoples Finance & Thrift Co. v. Harwell, supra. There the defendant demanded payment of a debt and threatened to take property under a chattel mortgage given in security of the debt. He merely declared his intention of doing that which his contract and the law entitled him to do. The evidence indicated that the threat had a detrimental physical effect on the plaintiff. But the court held that a mere declaration to exercise a legal right to collect a debt could not form the basis of an action for damages for physical injuries resulting from fright or excitement induced by such declaration. The language complained of in the instant case went beyond the mere declaration that the defendants would stand on their legal rights.

It is next contended that if the language aforesaid had a detrimental effect on plaintiff, it amounted to a mere emotional disturbance for which the law offers no redress. Western Union Telegraph Co. v. Chouteau, 28 Okla. 664, 115 P. 879; St. Louis & S. F. Ry. Co. v. Keiffer, 48 Okla. 434, 150 P. 1026; Koons v.

Shelburne Motor Co., 167 Okla. 634, 31 P. 2d 573. In each of those cases the plaintiff sought damages for mental suffering alone resulting from negligence or from breach of contract. Here there is evidence that the plaintiff suffered physical injury as a result of mental or nervous shock, and the action is in tort to recover for those injuries.

The trial court did not err in denying defendants' request for a directed verdict.

However, under the authority of Pacific Mutual Life Ins. Co. v. Tetirick, supra, we must reverse the judgment and remand the cause for a new trial. The instructions of the trial court did not properly guide the jury in the determination of defendants' liability in that said instructions failed to take into account the necessary elements of liability in cases of this character as quoted above from the last-cited case. Nowhere in the instructions did the court charge the jury that the aforesaid elements must be found present in order to fasten liability on defendants. We held in the Tetirick Case that it is essential to the validity of the verdict and judgment that the jury also find that the elements mentioned above existed, and that the omission thereof from the instructions was erroneous. None of the instructions calls the jury's attention to these matters.

The nearest approach in the instructions to the above requirements is where the jury is told in substance that willful and wrongful use of vile and harsh words is sufficient to render the defendants liable for physical injury resulting therefrom. This statement was not a sufficient guide for the jury. It omits reference to the other necessary elements of liability aforesaid and the duties of the jury with respect thereto. The instructions as a whole did not cure the error. It becomes apparent, therefore, that the issues were not fairly submitted.

The judgment is therefore reversed and the cause remanded, with directions to grant defendants a new trial.

BAYLESS, C. J., WELCH, V. C. J., and OSBORN and DAVISON, JJ., concur.