CARRIGAN et al. v. HENDERSON.

No. 30173. March 9, 1943.

Rehearing Denied March 23, 1943.
Application for Leave to File Second Petition for Rehearing Denied April 6, 1943.

*135 P. 2d 330.*

Lucius Babcock, Jr., of El Reno, and Sam S. Gill, of Oklahoma City, for plaintiffs in error.

Rinehart & Welden, of El Reno, for defendant in error.

BAYLESS, J. Ethel J. Henderson sued Peoples Finance & Thrift Company, a corporation, and W. R. Carrigan, its agent, for damages, compensatory and punitive, alleged to have been suffered by her as the result of words spoken to her by Carrigan in the course of the performance of his duties for the company. The jury rendered a verdict for both items of damages, the district court of Canadian county entered judgment thereon, and defendants appeal.

One of the contentions of defendants, and one we think is meritorious and necessitates a reversal of the judgment, is that the court erred in submitting the issues to the jury and in refusing to direct a verdict for defendants.

Plaintiff's evidence showed that Carrigan appeared at her home and asked after the whereabouts of her husband, and a car owned by the husband and covered by a chattel mortgage held by company. Carrigan talked to plaintiff through a screen door, which was locked or hooked. When plaintiff informed Carrigan that the husband had taken the car to Comanche county, where he was doing some work, Carrigan became very angry, and in a loud and boisterous manner informed her that the company could send the husband to the penitentiary for several years for removing mortgaged property, and used loud, threatening, and angry tones, and shook his fist in plaintiff's face. Carrigan also told her his company had an office at Lawton and would take steps to have her husband apprehended there, and to repossess the car at that place. She thereupon advised Carrigan her husband would return at the end of the week, and asked him to take no steps against the husband such as he had threatened, and Carrigan left without answering her request.

She testified that she then became apprehensive for the welfare of her husband, and became frightened and worried, and she cried, and continued in this state of nervous agitation until her husband returned home. She testified, and there was medical testimony to corroborate her, that she suffered from high blood pressure, and as a result was easily frightened and agitated, and was likely to suffer as she described when excited, or worried or frightened.

We are of the opinion that the rule announced in Peoples Finance & Thrift Co. v. Harwell, 183 Okla. 413, 82 P. 2d 994, governs. See, also, Pacific Mutual Life Insurance Co. v. Tetirick, 185 Okla. 37, 89 P. 2d 774, and National Life & Accident Insurance Co. v. Anderson, 187 Okla. 180, 102 P. 2d 141.

It is recognized in this jurisdiction that mental pain and anguish, and physical injuries occasioned thereby, induced by threats, verbal abuse, indignity and wanton insult, not accompanied by physical assault, may be the basis for damages. The cases cited in the decisions above are clear on this point.

But as was said in the Harwell Case, fright, worry, agitation, and the like, suffered from threats to take steps for the collection of a debt or for the protection of legal rights based on statute, cannot serve as the basis for damages. In this case it is admitted that company had a chattel mortgage on the automobile, that it was delinquent, that company had a right to go to the husband's home to seek collection of the debt or

the possession of the automobile, and that, if the automobile was required to be kept in Canadian county, it is denounced as a felony by 21 O. S. 1941 § 1834 to remove it to another county without the written consent of the mortgage holder.

Thus, if Carrigan said the things he is charged with saying, he said no more than he had a right to say under our statutes and law. If he said it in an abusive, or threatening manner, or was obstreperous toward plaintiff, he should not have done so, and such conduct is judged by the rule stated in the Tetirick Case and the Anderson Case, supra.

That rule is that such a manner of acting, in order to be actionable, must be done with knowledge of plaintiff's condition and that injury was likely to result, or must be done with an intent to cause injury to plaintiff, or must be done with a malicious intent that disregards whatever damages that may be occasioned thereby. In this aspect of the case, plaintiff's proof fails completely. There is no evidence that Carrigan intended to injure plaintiff thereby, or that he knew of her physical infirmities or realized that she was likely to suffer the injuries complained of as the result of his words and manner, and there is no proof of malice.

The judgment is reversed and the cause is remanded.

CORN, C. J., GIBSON, V. C. J., and OSBORN and WELCH, JJ., concur. RILEY, HURST, DAVISON, and ARNOLD, JJ., dissent.